(112 App. Div. 7)

### KEENE v. NEWARK WATCH CASE MATERIAL CO.

(Supreme Court, Appellate Division, First Department. March 16, 1906.)

**1. BONDS—ACTIONS—EVIDENCE.**

Plaintiff contracted to furnish gold to the C. Watch Case Company; it agreeing to manufacture cases therefrom for plaintiff, to render an account, on demand, of the gold it had received, and to be answerable in damages for loss of gold furnished. *Held,* in an action on defendant's bond, that the C. Company should discharge its obligations under the contract, and that a statement as to the amount of gold furnished made on an accounting between plaintiff and the C. Company, an officer of defendant being present and participating, and all the parties then concurring in the statement, was competent evidence.

**2. TRIAL—SUBMITTING CASE TO JURY.**

Defendant, in an action on a bond to secure performance of the contract of the C. Company with plaintiff to account for gold furnished it by plaintiff to be manufactured into watch cases, and to be liable for loss of any gold furnished, cannot complain of refusal of its request to go to the jury; the only question that could have been presented being the amount of the C. Company's shortage, there being no dispute but that the parties to the original contract had an accounting, in which a representative of defendant took part, on which the amount of shortage was ascertained, and the statement then made being in evidence, and defendant having introduced no evidence.

**3. PRINCIPAL AND SURETY—DISCHARGE OF SURETY.**

Where plaintiff contracted to furnish gold to the C. Company for a certain time, in accordance with the needs of the company, to be manufactured into watch cases for plaintiff, and the company agreed to account at any time for gold received and to be liable for any lost, the obligation of defendant, under its bond that the C. Company should discharge at the termination of the contract its obligations, was not discharged by plaintiff refusing during the term of the contract to furnish more gold, and taking away the gold then in the possession of the C. Company; an accounting having been had showing loss of gold, and the C. Company having refused to make good the loss.

Appeal from Trial Term, New York County.

Action by Charles A. Keene against the Newark Watch Case Material Company. From a judgment on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Isaac L. Miller, for appellant.
George C. Harrison, for respondent.

INGRAHAM, J.  At the end of the testimony counsel for the defendant moved for the direction of a verdict for the defendant, and asked, if that motion was denied, that the defendant be permitted to go to the jury.  That motion was denied, and counsel for the plaintiff moved for the direction of a verdict for the plaintiff, which was granted.  The defendant made no request to submit any specific question to the jury.

The action was based upon a contract, a copy of which was annexed to the answer of the defendant, and a bond given by the defendant to secure the performance of that contract, a copy of which was annexed to the complaint. · The contract was between the plaintiff, of the first part, and the Camm Watch Case Company, of the second part.  By it the plaintiff agreed to "place into the possession of the party of the second part, for the purpose hereinafter mentioned, bars or quantities of gold of customary weight and fineness, to the value of four thousand ($4,000) dollars, currency of the United States of America"; that the defendant would use said gold so to be furnished in the construction and manufacture of watch cases of the character thereinafter mentioned; that the party of the first part (plaintiff) would continue to supply bars or quantities of gold in accordance with the needs and demands of the defendant, such needs and demands to arise solely by reason of and to be limited to the provisions and terms of the contract set forth, and in accordance with the needs of the business engaged in by the parties to the agreement; that the defendant would furnish the labor, machinery, alloy, and all other constitutent features incident to the production and making of the perfect complete watch case pursuant to and in accordance with the terms of this contract, the defendant to construct and have ready for the market a sufficient number of watch cases to satisfy the demands and needs of the business of, and in accordance with the orders given by the party of the first part (plaintiff), and to deliver reasonably promptly to the plaintiff all the watch cases manufactured by the defendant pursuant to the agreement, the title to all the gold supplied by the plaintiff to remain in the plaintiff from the delivery of the same to the defendant, throughout the manufacture of the watch cases constructed in accordance with the terms of the agreement and the return thereof to the party of the first part in watch case form; that the defendant would render an account to the plaintiff at the termination of the contract of all the gold it will have received during the existence of the agreement, and render an account at any and all reasonable times of the gold it had received upon the request of. the party of the first part during the existence of the contract; that the account so made should be a basis for determining the status of the parties as to the value and amount of gold furnished by the party of the first part to the party of the second part, and delivered, actually or constructively, by said party of the second part to the party of the first part in watch case form, the party of the second to be answerable in damages to the party of the first part for any loss in gold furnished under the provisions of the contract, the party of the second part to deliver at the office or place of business of the party of the first part, in the city of New York, borough of Manhattan, all the gold in gross remaining in the factory of the party of the second part, at the

termination of the contract, for the purpose of finally settling accounts between the parties.

To secure the performance of this contract by the Camm Watch Case Company, the bond was given by which the Camm Watch Case Company, as principal, and the defendant, as surety, were held and firmly bound unto the plaintiff in the sum of $10,000; the condition being that if the principal (the Camm Watch Case Company) "shall well and truly discharge, at the termination of the said contract referred to herein, the obligations arising as hereinbefore set forth, that then these presents shall be and become null and void." It was further understood, covenanted, and agreed "that the New York Watch Case Material Company shall only be liable to the said Charles A. Keene, the obligee herein, for any loss of gold in an amount in excess of one-half of one percentum of all the gold furnished under the contract referred to herein."

The complaint alleges that, in accordance with the agreement between the plaintiff and the Camm Watch Case Company, the plaintiff furnished to the Camm Watch Case Company gold bars and materials of the value of $49,000 from the 8th day of May, 1901, until the 1st day of September, 1901, and received from the said company gold watch cases in return; that on the last-mentioned day the plaintiff demanded an accounting of the gold received by the Camm Watch Case Company, and, upon an inventory being made of the plaintiff's gold in the factory of the said company, a shortage was disclosed in the gold furnished by the plaintiff of the value of about $5,600.15; that the plaintiff thereupon demanded that the said Camm Watch Case Company make good the loss of gold by delivering to him gold sufficient to balance the gold account, or give a cash equivalent therefor, with which demands the said company had not complied, and therefore there was a loss of $5,600.15, the value of the said gold.

The defendants demurred to this complaint. The demurrer was overruled at the Special Term (39 Misc. Rep. 8, 78 N. Y. Supp. 753), and that judgment was affirmed by this court (81 App. Div. 48, 80 N. Y. Supp. 859). Upon the trial the only question to be determined was as to the damage that the plaintiff sustained by reason of the loss of gold which had been furnished by the plaintiff to the Camm Watch Case Company, and whether the said company had satisfied all claims and obligations arising because of any loss in said gold so furnished. At the time the contract was executed there was gold in the Camm Watch Case factory of the value of $4,000, for which the plaintiff paid to the Camm Company that amount. The plaintiff then continued to furnish gold as called for by the Camm Watch Case Company until September, 1901. Some time between the 9th and the 23d of September, 1901, the plaintiff demanded an accounting from the Camm Company under the ninth clause of the contract. A detailed statement of the amount of gold furnished by the plaintiff was made up, containing the dates and amounts of the delivery of gold, which aggregated $48,012.74. There was a meeting at the office of the Camm Company between the plaintiff and one of his employés, Mr. E. W. Camm, the president of the Camm Company, and a Mr. Arthur, the secretary of the defendant. These parties appear to have all taken part in this accounting.

Each had a statement of the amount of gold furnished, and they all tallied, and the amounts were checked up and balanced. At the foot of this agreement the president of the Camm Watch Case Company marked, "O K, E W Camm." This statement was received in evidence over the objection and exception of the defendant, and this exception is relied upon by the defendant on this appeal.

We think this evidence was properly admitted. The accounting was one under the contract which was recited in the bond upon which the action was brought. An officer of the defendant was present at this accounting and took part in it. It certainly was competent evidence against the defendant of an accounting between the defendant and the plaintiff as to the amount of gold furnished by the plaintiff under the contract. At the same time there was an accounting as to the amount of gold that had been delivered by the Camm Watch Case Company to the plaintiff. The gold on hand was produced by the Camm Company, and it was ascertained that there was a shortage of about $5,-600. The plaintiff then insisted on removing the gold that was on hand, which he claimed belonged to him. This the officer of the Camm Company objected to, but the plaintiff finally took away the gold and refused to furnish any more until the Camm Company had supplied this deficiency. This the Camm Company refused to do. No further effort was made on behalf of the Camm Company to perform its agreement, and after the termination of the contract this action was brought.

The plaintiff having rested, no evidence was offered by the defendant to disprove these facts, and the evidence sustained a verdict for the amount of this deficiency. The plaintiff having rested, the defendant's counsel said:

"I move for a direction of a verdict for the defendant, and, if your honor denies my application for a direction, then I ask that it be permitted to go to the jury."

This motion was denied. The plaintiff then moved for the direction of a verdict, and counsel for the defendant then said:

"In order to get it on the record I except to the court declining to direct a verdict for the defendant, and I also except to the refusal of the court to allow the defendant to go to the jury."

The defendant made no request to submit any particular question to the jury, and I think upon this record it was not error for the court to refuse to entertain the defendant's request. The only question that could have been presented was as to the amount of this shortage, but there was no dispute but that the parties to the original contract had an accounting under the contract in which a representative of the defendant, the surety, took part and the amount of the shortage had then been ascertained. If the defendant had wished to submit this specific question to the jury, it should have called the attention of the court to the question, and a general request to go to the jury, or to submit the case to the jury generally, was not calling the attention of the court to a specific question, and as the plaintiff was clearly entitled to a verdict an exception to such a refusal presents no question for review.

There is no merit in the claim of the defendant that, by the plain-

tiff's refusing to allow the gold that it had furnished to remain with the Camm Watch Case Company after that company had violated the contract in disposing of gold furnished by the plaintiff under the contract, the obligation of the surety was discharged or that plaintiff was bound to continue to furnish gold to the Camm Company. It was proved that the Camm Company had over $5,000 of gold of the defendant which it had failed to account for. The obligation of the plaintiff was to furnish gold as required by the contract; and, while this gold was in the possession of the Camm Company, no further gold was required for the purposes on the contract. Plaintiff was not required to continue to furnish gold to the Camm Company or to its officers when it was conceded that they had an amount of gold exceeding $5,000 belonging to the plaintiff, which they could use in carrying out the contract. It was not, therefore, a breach of the contract for the plaintiff to refuse to furnish further gold, or to allow the gold that he had delivered to the Camm Company to remain in its possession. At the termination of the contract, the Camm Company having failed to comply with its contract and to account for the gold plaintiff had delivered, there was a breach of the condition of the bond which entitled the plaintiff to recover.

I think the judgment was right, and should be affirmed, with costs. All concur.