FLATOW v. JEFFERSON BANK.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. BANKS AND BANKING (§ 186*)—DISCOUNTS—FRAUD—RIGHT OF BANK TO RESCIND TRANSACTION.

Where a person, under false representations, induced a bank to discount a note and give him credit for the proceeds, the bank had a right at any time thereafter, upon discovering the fraud, to cancel the credit given, which right related back to the time when the transaction was commenced, and the person's administratrix, upon his death, taking only such rights as intestate had, could not recover the credit after cancellation.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 186.*]

2. APPEAL AND ERROR (§ 1153*)—DISPOSITION OF CAUSE—CORRECTING JUDGMENT.

In an action by an administratrix against a bank to recover a balance to the credit of intestate, at his death, where defendant admitted liability for part of the balance, but a verdict of no cause of action was allowed to stand, and defendant consented upon the argument of the appeal that it might be corrected by directing a judgment against it in plaintiff's favor for the amount as to which defendant had admitted liability, such disposition will be made.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1153.*]

Appeal from Trial Term, New York County.

Action by Rosalie Flatow, administratrix of Isidor L. Flatow, against the Jefferson Bank. From a judgment for defendant, and an

·order denying a new trial, plaintiff appeals.  Order affirmed, and judgment modified.

Argued before INGRAHAM, CLARKE, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Henry Salant, for appellant.
Emanual Eschwege, for respondent.

McLAUGHLIN, J.  Isidor L. Flatow died intestate on the 28th of February, 1907.  At the time of his death he had a deposit in the defendant bank, and the balance in his favor on that day amounted to $653.62.  About a month prior to his death he requested the bank to discount a note for $500.  The note was made by one Samuel Mishkoff, payable to Flatow's order in 90 days from date.  Flatow indorsed the note, and it was discounted by the defendant; the proceeds being credited to his account.  This action was brought by his administratrix to recover the balance standing to his credit.  As a defense the defendant alleged that it was induced to discount the note by Flatow's false and fraudulent representations to the effect that he was then worth from $12,000 to $15,000 over and above his liabilities, and that Mishkoff, the maker of the note, was engaged in business on his own account and was a solvent and responsible person, and by reason of such false and fraudulent representations it claimed the right to set off $500 of the deposit against the note, admitting its indebtedness for the balance, $153.62.  The defendant had a verdict of no cause of action; and from a judgment entered thereon, and an order denying a motion for a new trial, the plaintiff appeals.

The evidence justified the jury in finding that the statements made by Flatow as to his solvency were false, and that he was not at that time, nor at the time of his death, worth any amount whatever over and above his liabilities, but, on the contrary, that his estate was insolvent; that the maker of the note was not engaged in business on his own account; and that he had no property whatever.  It also justified the jury in finding that the defendant relied upon the statements made by Flatow, and believed them to be true, when it discounted the note.  The note, therefore, having been discounted by means of false and fraudulent representations, the defendant had a right at any time thereafter, upon discovering the fraud, to rescind the transaction and cancel the credit given; and this right related back to the time when the transaction was commenced.  The personal representative of Flatow, upon his death, took such rights as he had and no more.  Peyman v. Bowery Bank, 14 App. Div. 432, 43 N. Y. Supp. 826.  When the bank rescinded the contract, Flatow became indebted to it for the amount which he had received; and this, irrespective of whether the credit be· regarded as money of the plaintiff's intestate or the bank's own money.  In either case the money never belonged to Flatow, nor was he entitled to the credit; and to the extent, therefore, of $500, Flatow's administratrix has no interest therein or claim thereto.  As was said in Andrews v. Artisans' Bank, 26 N. Y. 298:

"If the facts respecting the discount of Benson's note were such as the defendant offered to prove them, the credit which the plaintiff obtained on the defendant's books, being the result of his fraud, was unavailing, either as a

contract for the payment of the sum which was in form credited, or as evidence of money of the plaintiff in the defendant's hands. The contract to pay the amount to the plaintiff upon his checks in the usual course of banking business, which would have arisen if no fraud had intervened, could not be predicated of the transaction if it should appear to have been brought about by the fraud of the party seeking to avail himself of it. Fraud vitiates every contract, and renders void as to the guilty party every transaction into which it enters."

The jury, therefore, was justified in finding that the defendant was not indebted to the plaintiff to the extent of $500; but as to the balance of the deposit, $153.62, plaintiff was clearly entitled to recover, and the verdict is not sustained by the evidence. To the extent of this balance the defendant admitted in his answer that the plaintiff was entitled to recover, and a verdict should have been directed in plaintiff's favor for that amount; but, instead, a verdict of no cause of action was rendered, which was permitted to stand. The judgment is erroneous to this extent, and inasmuch as counsel for the defendant admitted the error, and consented in open court upon the argument of the appeal that the same might be corrected by directing a judgment against defendant in plaintiff's favor for $153.62, without costs, such disposition will be made.

The order appealed from is affirmed, without costs to either party, and the judgment modified, directing a judgment in favor of the plaintiff and against the defendant for $153.62, without costs to either party in this court or in the court below. All concur. °