(158 App. Div. 491.)

### MANN v. FRANKLIN TRUST CO.

(Supreme Court, Appellate Division, Second Department. September 23, 1913.)

1. BANKS AND BANKING (§ 134*)—DEPOSITS—OFFSETTING INDEBTEDNESS.

    A bank, which was induced to accept a note in renewal of one previously given by the maker's false representations as to his financial condition, could, upon discovery of the fraud, rescind the transaction, cancel the credit given, and offset the note against the maker's deposit to the amount thereof.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig. § 134.*]

2. TRIAL (§ 177*)—DIRECTED VERDICT—EFFECT OF MOTION—WITHDRAWAL.

    Where plaintiff, after moving for a directed verdict, and after defendant had joined in such motion, but before the verdict had actually been

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

rendered, requested the submission to the jury of certain specified questions, it was error for the court to direct a verdict, although it was doubtful if the jury could have reached any other conclusion, since the action of the parties in jointly moving for a directed verdict does not reach the irrevocable stage until the verdict is actually pronounced by the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

Appeal from Kings County Court.

Action by Frank Mann, as executor of Gottfried Westernacher, deceased, against the Franklin Trust Company. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Henry Schoenherr, of Brooklyn, for appellant.
John Hill Morgan, of Brooklyn, for respondent.

STAPLETON, J.. The judgment from which the plaintiff appeals was entered upon a verdict directed by the court in favor of the defendant.

[1] The plaintiff's testator was a depositor in the banking institution of the defendant. On May 26, 1911, the defendant discounted the note of the testator for $3,000, due September 25, 1911. On the due day he paid $300 and obtained a renewal, giving a note for $2,700, due January 25, 1912. The bank required from the defendant a written statement, setting forth his financial condition, before it would give him the credit.

There was evidence which would authorize the jury to determine that the statement was false, misleading, and fraudulent in material particulars, that the defendant was deceived by the statement, and that the loan was made and extended by the defendant in reliance upon the statement. On May 24, 1911, the testator represented himself to the defendant to be worth $74,493.02. The testator died the 30th day of October, 1911. His estate was insolvent. There was no proof that he suffered any unexpected financial disaster in the meantime. The plaintiff was appointed and qualified as the executor of his last will and testament. At the time of the testator's death there was a balance of $755.05 on deposit with the defendant to his credit. The plaintiff brought this action to recover that sum. The defendant, having discovered the fraud in the statement aforesaid, elected to disaffirm and rescind the transaction and cancel the credit given. In its answer it alleged, as a defense, the facts herein referred to, and demanded that the note be set off as against the deposit to the amount thereof. That the relief invoked by the defendant may be given, if the facts pleaded by it were proved, is well established. Bradley v. Seaboard Nat. Bank, 167 N. Y. 427, 60 N. E. 771; Andrews v. Artisans' Bank, 26 N. Y. 298; Flatow v. Jefferson Bank, 135 App. Div. 24, 119 N. Y. Supp. 860; Peyman v. Bowery Bank, 14 App. Div. 432, 43 N. Y. Supp. 826.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The judgment must be reversed, however, because the court directed a verdict for the defendant, despite the request of the plaintiff to go to the jury upon specific questions of fact, after the defendant had joined with the plaintiff in a motion for the direction of a verdict; the verdict not having actually been rendered by the jury, upon the direction, before the motion to submit the specific questions was made. The courts, in solicitous recognition of the jury's province as ultimate arbiter of the facts, have too firmly and consistently countenanced this practice to permit an abrogation of the rule, even in a case where it is doubtful if the jury could have reached any other conclusion. Second Nat. Bank v. Weston, 161 N. Y. 520, 55 N. E. 1080, 76 Am. St. Rep. 283; Cullinan v. Furthmann, 70 App. Div. 110, 111, 75 N. Y. Supp. 90; Eldredge v. Mathews, 93 App. Div. 356, 357, 87 N. Y. Supp. 652; Maxwell v. Martin, 130 App. Div. 80, 83, 114 N. Y. Supp. 349. There are in the case questions which the jury alone could determine in the first instance, unless the right to determine them was committed to the court by the joint and irrevocable action of the parties to the litigation. The action of the parties, in jointly moving for the direction of a verdict, does not reach the irrevocable stage until the verdict is actually pronounced by the jury.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.