THE CHARLES H. BROWN PAINT COMPANY, Respondent, *v.* CHARLES J. REINHARDT, Appellant.

**Practice — trial — motion to go to jury on questions of fact, after court has directed a verdict.**

Where, at the close of the evidence, each party asks that a verdict be directed in his favor, and after the decision thereon the unsuccessful party asks that the case be sent to the jury without stating

any question of fact he desires submitted, and he is not required by the court to state the specific question for the jury, a denial of the motion is error.

Authorities collated, approved and distinguished.

(*Second National Bank of Elmira* v. *Weston,* 161 N. Y. 520, followed.)

*Brown Paint Co.* v. *Reinhardt,* 148 App. Div. 920, reversed.

(Submitted January 12, 1914; decided February 3, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 10, 1912, affirming a judgment in favor of plaintiff entered upon a verdict in an action upon a promissory note.

The facts, so far as material, are stated in the opinion.

*Louis B. Boudin* for appellant. The trial court erred in taking the case away from the jury. (*Koehler* v. *Adler,* 78 N. Y. 287; *Shultes* v. *Sickles,* 147 N. Y. 704; *Classon* v. *Baldwin,* 152 N. Y. 204; *Bendheim* v. *Herter,* 40 App. Div. 462; *German-Am. Bank* v. *Cunningham,* 97 App. Div. 244; *Kinner* v. *Whipple,* 128 App. Div. 736; *Kantrowitz* v. *Levin,* 14 Misc. Rep. 563; *Gorman* v. *Williams,* 26 Misc. Rep. 776.)

*Francis B. Mullin* for respondent. At the close of the evidence defendant moved to dismiss the complaint, and plaintiff moved for the direction of a verdict. The legal effect was as if there had been mutual motions for the direction of a verdict. (*Sheldon* v. *George,* 132 App. Div. 470; *Dillon* v. *Cockcroft,* 90 N. Y. 649; *Mullen* v. *Quinlan & Co.,* 195 N. Y. 109; *Cullinan* v. *Fidelity & C. Co.,* 84 App. Div. 292; 177 N. Y. 574.) After verdict for plaintiff had been directed, defendant moved for leave to go to the jury upon the whole case. It was not error to deny this general motion, since it did not state the specific questions of fact upon which the jury was desired to pass. (*Bowers* v. *O. A. & G. Corp.,* 110 App. Div. 691; 187 N. Y. 561; *Maxwell* v. *Martin,* 130 App. Div. 80; *Zwecker* v. *Levine,* 135 App. Div. 433; *Mayer* v. *Dean,* 115 N. Y. 556; *Campbell* v. *Prague,* 6 App. Div. 554; *Solomon* v.

*Levine,* 54 Misc. Rep. 270; *Kinner* v. *Whipple,* 128 App. Div. 736; *Flandreau* v. *Elsworth,* 151 N. Y. 473; *Keene* v. *Newark Watch Case Material Co.,* 112 App. Div. 7; *Fuller & Co.* v. *Schrenk,* 58 App. Div. 222; 171 N. Y. 671.) Defendant did not ask to go to the jury until after verdict directed; until after he had applied for and obtained thirty days' stay of execution, and sixty days to make and serve case on appeal. This was too late. (*Howell* v. *Wright,* 122 N. Y. 667; *Persons* v. *Hawkins,* 41 App. Div. 171; *Zajic* v. *Elian,* 50 Misc. Rep. 289; *Solomon* v. *Levine,* 54 Misc. Rep. 270.)

MILLER, J.    The evidence in this case presented a question of fact whether the note in suit was an accommodation note, indorsed by the defendant, an irregular indorser, for the accommodation of the plaintiff, the payee. There were other issues raised by the pleadings, but no conflict in the evidence relating to them. At the close of the case the following occurred:

Defendant's counsel: "I renew my motion to dismiss the complaint upon the grounds previously stated."

Plaintiff's counsel: "I move for the direction of a verdict."

The court: "I will direct a verdict for the plaintiff for the full amount, $600.27."

Defendant's counsel: "Exception."

"Thirty days' stay after notice of entry of judgment.

"Sixty days to make and serve the case on appeal."

Defendant's counsel: "I want, in addition to excepting to your Honor's direction of a verdict, I want to ask leave to have the questions raised by the evidence submitted to the jury."

The court : "It is too late for that."

Defendant's counsel: "I move for leave to go to the jury upon the questions of fact presented by the evidence."

The court: "I direct a verdict for $587.48; that is what I did before.

"After that the defendant's counsel moved to submit the issues to the jury, which I denied."

Defendant's counsel: "I take an exception. Your Honor does not rule on the motion to dismiss the complaint."

The court: "When the defendant moves to dismiss a complaint and the plaintiff moves to direct a verdict, all questions of fact are before the Court."

Defendant's counsel: "Exception."

The defendant's request to go to the jury was not made too late. The point has been ruled upon so often that citations are unnecessary, but see *Kinner* v. *Whipple* (198 N. Y. 585), reversing 128 App. Div. 736, on dissenting opinion of Mr. Justice COCHRANE. An attempt is made to support the denial of the request on the ground that it is too general, and the question is thus sharply presented whether under the circumstances disclosed it was necessary for the defendant to specify the particular question or questions which he desired submitted to the jury.

The learned trial justice was not misled into thinking that only questions of law were involved. His ruling was distinctly put upon the ground that all questions of fact had been submitted to him, and that the right of the defendant to have the jury pass upon the facts had irrevocably been waived. He did not need or request information as to what questions of fact were in the case, and the defendant should not be deprived of the right to review the ruling actually made for the failure to specify a particular question. It is in order, then, critically to examine the authorities which it is asserted have established the practice requiring the application of a purely artificial rule to the decision of this appeal.

The main reliance of the respondent is upon *Bowers* v. *Ocean Accident & Guarantee Corporation, Ltd.* (110 App. Div. 691, 697; affd., 187 N. Y. 561). In that case the rule was broadly stated by the late Mr. Justice HOUGHTON thus:

"Where, at the close of the evidence on the trial of an action in which more than one question of fact is involved, each party asks that a verdict be directed in his favor, and after the decision thereon the unsuccessful party asks that the case be sent to the jury without stating any question of fact he desires submitted, a denial of the motion is not error. (*Mayer* v. *Dean*, 115 N. Y. 556; *Flandreau* v. *Elsworth*, 151 id. 473, 481; *Campbell* v. *Prague*, 6 App. Div. 561.)"

The only dispute of fact in the case was over an item of $14.20 and a collateral matter not controlling in the ultimate disposition of the cause. Under such circumstances, a party, who had taken the position that only questions of law were involved, might well be required to specify a mere incidental dispute of fact, which otherwise would be likely to escape the attention of the court. In two of the cases cited in the above quotation the judgments were reversed, in one case for the exclusion of evidence, in the other on the exception taken to the denial of the motion to go to the jury. In the other case, that of *Flandreau* v. *Elsworth*, the rule was stated as claimed, but at the end of an opinion devoted to showing that there were no questions for the jury and no errors committed by the trial judge. The rule as thus stated had its origin in cases like *Winchell* v. *Hicks* (18 N. Y. 558), *O'Neill* v. *James* (43 N. Y. 84) and *Muller* v. *McKesson* (73 N. Y. 195), in which the rule was applied that where a party had asked the court to decide the case in his favor as matter of law, a general exception to a decision the·other way on the law did not enable him to argue on appeal that the case should have gone to the jury, a very different rule to that now invoked and one depending for its application upon reasons absent from the case at bar. In *Shultes* v. *Sickles* (147 N. Y. 704) both parties requested the trial court to direct a verdict, and after a verdict had been directed for the defendant the plaintiff excepted to the ruling and

requested the court " to submit the case to the jury upon all the questions of fact." This court considered that it was called upon to determine whether there was any evidence requiring the submission of the case to the jury. In *Second National Bank of Elmira* v. *Weston* (161 N. Y. 520) the precise question involved here was discussed at some length by Judge VANN, writing for the court. It is true the plaintiff in that case had not moved for a direction of a verdict, but his counsel in answer to the inquiry of the court, as to what there was to go to the jury upon, had said that he did not know. Judge VANN treated that as a waiver retracted by a subsequent request to go to the jury on the whole case, and it was distinctly ruled that no question having been raised by the court or counsel as to what particular question the plaintiff desired the jury to pass upon, it was not necessary for the latter to name a particular question.

The rule contended for by the respondent has often been stated, but, so far as we can discover, has not actually been applied except in cases in which the only dispute of fact was on some incidental matter not necessary to the decision of the main question in the case; for example see *Bowers* v. *Ocean Accident & Guarantee Corporation Ltd.* (*supra*); *Fuller & Co.* v. *Schrenk* (58 App. Div. 222); *Keene* v. *Newark Watch Case Material Co.* (112 App. Div. 7).

As applied to the case at bar the said rule would be wholly arbitrary and would tend to make the trial of a cause a mere game of sharp wits. The rule declared in *Second National Bank of Elmira* v. *Weston* (*supra*) and the reasons in support of it are applicable to this case and should be adhered to.

The judgment should be reversed and a new trial granted, with costs to abide event.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, COLLIN and CUDDEBACK, JJ., concur.

Judgment reversed, etc.