WILLIAM E. YOUNG, Respondent, *v.* NORMAN C. LICHTENBERG, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1918.)

**Physicians — action to recover for professional services — motions and orders — judgments — trials.**

Where, in a physician's action to recover for personal services rendered to defendant at his request, plaintiff's testimony as to the rendition of the services and as to their reasonable value is uncontradicted, and a verdict is directed in plaintiff's favor for the amount of the claim after the court had denied a motion to dismiss the complaint, a motion thereafter made by defendant to go to the jury upon the question of fact involved in the determination of the value of the services is not

too late, and the judgment entered for plaintiff will be reversed and a new trial ordered.

Even where in an action by a physician to recover for professional services the testimony on behalf of plaintiff as to the value of the services is uncontradicted, the question of their value must be determined by the jury.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of the plaintiff, assignee of Dr. F. Glynn Young, a physician, for professional services rendered to the defendant. Trial before judge and a jury and the jury assessed the damages under the direction of the court.

Alfred Frankenthaler, for appellant.

Sobel & Brand (Samuel Sobel, of counsel), for respondent.

LEHMAN, J.   The plaintiff, a physician, brought an action against the defendant for the value of medical services rendered to the defendant at his request. The plaintiff testified at the trial as to his services and as to their reasonable value. The testimony was not contradicted. At the close of the testimony the defendant moved to dismiss the complaint and his motion was denied. The plaintiff thereupon moved for the direction of a verdict and the court thereupon directed a verdict in favor of the plaintiff in the sum of $157, the amount demanded in the complaint and the amount which the plaintiff had testified was the reasonable value of the services rendered. Thereafter the defendant asked to go to the jury upon the question of fact involved in the determination of the value of the services. This motion was denied. The defendant's request to go to the jury upon the question of fact was not made too late (*Brown Paint Co.* v. *Reinhardt*, 210

Appellate Term, First Department, January, 1918.    [Vol. 102.

N. Y. 162), and the only serious question presented by this appeal is whether, in view of the fact that plaintiff's testimony as to the value of his services was uncontradicted, there was any question of fact which the jury could determine.

It is conceded that in actions brought by attorneys for the value of professional services the jury must assess the value of such services even where there is no contradiction of the testimony adduced by the plaintiff as to the value of his services. Even though no case has been cited where the same rule has been announced by any court of this state in regard to services rendered by a physician, I can see no possible distinction in principle as to the conclusiveness of expert opinion in regard to the value of professional services in actions brought to recover for services rendered as an attorney and in actions brought to recover for services rendered as a physician.

It follows that the judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

WEEKS and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.