ELIZABETH SCOTT, Respondent, *v*. EMPIRE STATE DEGREE OF HONOR, Appellant.

Fourth Department, March 7, 1923.

Insurance — life insurance — insured died from gun shot — defenses that insured died while committing unlawful act and that he committed suicide — no evidence that revolver found near insured belonged to him or was used to cause his death — certificate of coroner that insured committed suicide conformed to Public Health Law, §§ 377, 391, and was admissible — after verdict had been directed for plaintiff but before it was entered, defendant asked permission to go to jury on defenses — error to deny defendant's request since there was question of fact as to suicide.

In an action to recover on a life insurance policy wherein it appeared that the insured died as the result of a gun shot wound, the defense that he lost his life while committing an unlawful act, in that he was carrying a revolver in violation of sections 1897 and 1898 of the Penal Law, was not sustained where there was no evidence to show that the revolver, which was found near his body, had been concealed on his person or that it belonged to him.

Furthermore, it is not every violation of law that makes an insurance policy void. There must be a causal connection between the violation of the statute and the injury suffered, to prevent a recovery.

The death certificate issued by the coroner, in which it was stated that the insured committed suicide, conformed to sections 377 and 391 of the Public Health Law and was properly received in evidence and was presumptive evidence of the fact that the death of the insured was self-inflicted.

It was error for the court to deny defendant's request to go to the jury on the defenses, which request was made after the court had directed a verdict for the plaintiff but before the verdict had been received or entered, since, as the evidence stood at the close of the case, it was a question of fact whether or not the insured committed suicide.

APPEAL by the defendant, Empire State Degree of Honor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 29th day of April, 1922, upon the verdict of a jury rendered by direction of the court after a trial at the Steuben Trial Term.

*Benjamin S. Dean* [*Henry S. Manley* of counsel], for the appellant.

*Thomas F. Rogers,* for the respondent.

HUBBS, P. J.:

The defendant issued its benefit certificate upon the life of Fred C. Wright. The plaintiff is the beneficiary named in the certificate. The defendant is resisting the collection of $1,000, the amount of insurance named in the certificate, upon the ground that the insured lost his life while committing an unlawful act and upon the ground that the assured committed suicide.

The insured, at the time of his death, was twenty-four years of age. When last seen alive he was on the river dike in the city of Corning. The witness Twist met him there and had a short conversation with him. There was nothing unusual about the conversation, or the way the deceased acted. The witness walked on a short distance when he heard a shot, turned, and saw the deceased take a few steps and fall. He returned and found that the deceased had been shot through the chest. He died immediately. Upon the ground near his body a revolver was found. No evidence was offered to show that it was loaded, that it had been fired, that it was in a condition so that it could be fired, or that it was owned by the deceased. The only evidence in regard to the revolver was that it was there on the ground.

The certificate provides that it shall be void " if the insured shall die in consequence, directly or indirectly, of participating in any riotous or unlawful act," and also " This contract shall be void if the insured shall die: * * * in an attempt to violate any law of the United States, or of any State or county in which he may be."

It is urged that these provisions of the certificate of insurance required a nonsuit because the insured, at the time of his death, was violating sections 1897 and 1898 of the Penal Law by having

concealed upon his person a firearm without a written license therefor. As heretofore stated, there is no evidence in the record that the insured had the revolver concealed on his person or that the revolver found on the ground belonged to him.

Not every violation of law makes an insurance policy void. It is only where there is a causative connection between the violation of the statute and the injury sustained that a recovery is prevented. (*Messersmith* v. *American Fidelity Co.*, 187 App. Div. 35; affd., 232 N. Y. 161.)

The insurance certificate also provided: " It is hereby agreed that, if the insured hereunder shall commit suicide, whether sane or insane, during the first three years of membership, this contract shall be null, void and of no effect, and no claim whatever shall exist hereunder, and that any death certificate filed in pursuance of law, or any finding, determination or certificate made by a coroner or other public officer, to the effect that the death of the insured was self-inflicted or suicide, shall be presumptive evidence of such fact."

The insurance certificate in question had not been in force for three years at the time of the death of the insured. Article 20 of the Public Health Law (as added by Laws of 1913, chap. 619) provides for the filing of death certificates and prescribes the practice connected therewith. (See Public Health Law, §§ 377, 391, as added by Laws of 1913, chap. 619. See, also, Laws of 1921, chap. 398, amdg. said § 391; Civ. Prac. Act, 367.) The coroner filed a certificate which gave the cause of death as " Shock & Hemorrhage following Gun Shot wound of left chest " and (secondary) " Suicide." The receipt in evidence of a certified copy of the coroner's certificate of death was objected to by the plaintiff upon the ground that the form of the certificate did not give it the effect of " presumptive evidence " of the fact that the death of the insured was " self-inflicted or suicide." The certificate was properly received in evidence and was presumptive evidence of the fact that the death of the insured was " self-inflicted or suicide." In form it was sufficient to comply with the statute. The defendant did not rest upon the certificate but called the coroner who testified to all the facts within his knowledge. At the close of the evidence there was a clear question of fact as to whether or not the insured committed suicide.

Both the plaintiff and the defendant moved for a directed verdict, and the learned trial court directed a verdict for the plaintiff. Before the verdict had been received or entered the counsel for the defendant asked permission to go to the jury upon the two defenses referred to herein. The plaintiff's counsel objected, the

objection was sustained, and the defendant's counsel duly excepted. The denial of the defendant's request was clearly erroneous and necessitates a reversal of the judgment unless it can be held that there was no question of fact to be determined. As the evidence stood at the close of the case it was a question of fact whether or not the insured committed suicide and that question should have been submitted to the jury. (*Brown Paint Company* v. *Reinhardt*, 210 N. Y. 162.)

The judgment should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed upon the law and a new trial granted, with costs to the appellant to abide the event.