ELSIE MISNER, Respondent, *v.* LOUIS KUCHENREUTHER, Appellant.

Third Department, May 6, 1925.

Trial — verdict — directed verdict — action to recover for injuries suffered in collision between defendant's automobile and plaintiff's automobile — evidence shows that defendant turned to left side of road to avoid collision with horse and buggy, which turned suddenly from intersecting road directly in front of defendant — evidence presented question of fact as to negligence and contributory negligence — both sides moved for directed verdict — court, after asking what question of fact either side wanted to go to jury, without any further statement by defendant, directed verdict for plaintiff — defendant took exception and asked that question of negligence be submitted to jury — defendant's motion for directed verdict did not waive right to go to jury on question of negligence — intent to waive right to go to jury must be shown.

In an action to recover damages arising out of a collision between an automobile driven by plaintiff and one driven by defendant, a question of fact as to negligence and contributory negligence was raised by the evidence, since it appears that the defendant, just before the collision, was driving along the highway on the right side thereof when he observed a horse and buggy approaching from his right from an intersecting road in such a manner as to lead him to believe that it was the intention of the driver to turn onto the highway and proceed in the same direction that the defendant was going; that defendant slowed down, with the intention of staying behind the horse and buggy; that, as the driver of the horse and buggy reached the highway, he turned sharply toward the defendant and then toward the ditch to the right of defendant's automobile, and defendant, in order to avoid a collision with the horse and buggy, turned his automobile to the left and collided with plaintiff's automobile, which was approaching from the opposite direction.

The court should have submitted the question of defendant's negligence to the jury on the request of the defendant made after a determination by the court of motions by both parties for a directed verdict, but prior to the entry of the verdict, which was directed by the court in favor of the plaintiff, for where a question of fact is presented, the action of a party in moving for a directed verdict does not waive his right in the case of an adverse decision to have submitted to the jury the question of fact raised by the evidence.

The mere fact that, after both sides had moved for a directed verdict, the court asked what question of fact either of the attorneys wanted to go to the jury on, and the defendant's attorney remained silent, did not bar the defendant from having the question of his negligence submitted to the jury after the court had determined the motion for a directed verdict in favor of the plaintiff.

A trial judge cannot practically abrogate a rule which has long been firmly and consistently adhered to by merely asking the question, before he rules on motions for a directed verdict, whether there is any question of fact to go to the jury; actual intent to waive the right to request to go to the jury must be shown.

APPEAL by the defendant, Louis Kuchenreuther, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 27th day of September,

Third Department, May, 1925.                    [Vol. 212

1924, upon the verdict of a jury directed by the court and an assessment of damages for $1,000, and also from an order entered in said clerk's office on the 30th day of October, 1924, denying defendant's motion for a new trial made upon the minutes.

*Nadal, Jones & Mowton* [*Bernard G. Barton* of counsel], for the appellant.

*John D. Lyons,* for the respondent.

HINMAN, J.:

This is a negligence action arising out of the collision of two automobiles driven respectively by the plaintiff and the defendant. The accident happened on a State highway running easterly from the village of Monticello, Sullivan county, toward Middletown. The theory of the plaintiff, who received a verdict at the direction of the court, was that as she was driving easterly toward Middletown on this highway, the defendant, driving in the opposite direction, occupied the wrong side of the road and drove into her car. The defendant claimed that the accident happened without fault on his part; that he was driving his car westerly, toward Monticello, at a speed of fifteen to eighteen miles an hour; that he was driving on his right side of the road; that at the place of the accident a dirt road came to this State highway from the north, without crossing it, that is, from the defendant's right; that just before reaching the State highway this dirt road forked into two branches, one deflecting westerly toward Monticello and the other deflecting easterly toward Middletown; that as the defendant approached this place he saw a horse and wagon upon the westerly branch rapidly approaching the point of intersection of that branch with the State road ahead of the defendant; that the defendant naturally inferred that the horse and wagon was being driven up the westerly branch of the dirt road for the purpose of proceeding westerly toward Monticello and it was the intention of the defendant to follow rather than to pass the horse and wagon; that when the horse reached the State road, traveling fast, it was suddenly and unexpectedly turned toward Middletown, that is, directly toward the defendant; that the horse and wagon made a short left-hand turn in the immediate path of the defendant's car in this unexpected manner and a serious collision between the two was avoided because the horse was turned into the ditch at the right of the defendant and the defendant simultaneously pulled to his own left causing only a scraping of defendant's right rear fender with the right rear wheel of the wagon, which proceeded on its way; that as the defendant pulled to the left to avoid that collision he suddenly saw the plaintiff's car approaching from the

opposite direction and only three or four feet away, too close to avoid a collision therewith. There was a question of fact for the jury as to whether the defendant was guilty of negligence proximately causing the accident. He did not see the plaintiff's car until too late, but if this was negligence the jury could have found that his failure to look and see it sooner was not the proximate cause of the accident. He was traveling on his right side of the road, according to his testimony, until the course of the horse and wagon was suddenly changed. As the jury could have found, looking would have done no good up to that point; that a new situation was then suddenly created, not reasonably to have been anticipated by the defendant; that the defendant had the right to infer that a vehicle taking the right fork of the dirt road would pass on ahead of him in the same direction; that the sudden, unexpected and unnatural thing which occurred when the driver of the horse reversed his seeming course and swung to the left in a short, rapid turn directly in front of the defendant and then to the defendant's right, created an emergency whereby the defendant was powerless to avoid a collision of some kind. Even if he had seen the plaintiff's car before the emergency how would it have aided him in the emergency? There was a question of fact whether the defendant was negligent or whether the driver of the horse and wagon was negligent and thereby created a situation wherein the defendant was powerless to avoid collision with the wagon or the plaintiff's car. There was also a question of fact as to whether or not the plaintiff was guilty of contributory negligence, if the defendant's theory is correct that the plaintiff had plenty of room to avoid the accident by turning out upon the shoulder of the road which was seven feet in width when, according to her own testimony, she saw the defendant approaching on her side of the road. Her theory was that the defendant had time to turn to his own side of the road and that she expected him to do so in time to avoid a collision.

The defendant, in addition to denying the allegations of the complaint as to negligence, had pleaded counterclaims against the plaintiff for damages suffered by him, to which the plaintiff's reply was a general denial. At the close of the case the defendant's counsel made a motion for a direction of a verdict in favor of the defendant. The plaintiff's counsel moved for a direction of a verdict in favor of the plaintiff. The trial court said: " That puts the responsibility up to me, unless you people select some question of fact. What is your question of fact that either of you want to go to the jury on? I want to settle that right now." Then ensued the following: " Mr. Lyons [plaintiff's counsel]: The question of

fact would be the amount of damage sustained by the plaintiff. The Court: Of course, this is an unliquidated case anyway. If I direct a verdict in favor of the defendant I would submit to the jury a question of unliquidated damages that the defendant was entitled to recover. If I direct a verdict in favor of the plaintiff I would submit the question of fact to the jury as to the amount which the plaintiff is entitled to recover. I would do that for the reason that it is unliquidated damages. I assume that there being a motion for the direction of a verdict for the defendant made by the defendant and a motion for the direction of a verdict for the plaintiff being made by the plaintiff that there is no question of fact that either counsel desires me to submit to the jury. I therefore direct a verdict in favor of the plaintiff and submit the question to the jury as to the unliquidated damage which the plaintiff is entitled to recover. Mr. Barton [defendant's counsel]: I take an exception to that ruling on the motion. * * * I respectfully submit that the question of the negligence be submitted to the jury, not excluded by the motion for direction of verdict. The Court: Both of you asked for the direction of a verdict and that left the question with me to pass upon the question of fact. I directed a verdict in favor of the plaintiff in keeping with both those requests. I specifically asked you if either of you desired to go to the jury on any question of fact. In keeping with the rules of practice I directed a verdict in favor of the plaintiff. I am going to submit to the jury merely the question of assessment of damages in favor of the plaintiff. Mr. Barton: I make a formal request and motion that this case be submitted to the jury on the question of negligence as between the parties in this action. That the motions for a direction of a verdict does not take from the jury that question of fact. I have never before had that ruling made on those motions. I have made them time and time again for the past fifteen years and I have never before known, and that is the most important fact, that the case is taken from the jury on such a motion and I respectfully except to your Honor's ruling. The Court: Now I have passed on that question. Now the jury understands my view as to liability here and I don't want to, under no circumstances would I back track after I had asked either of you if there was any question of fact you wanted to go to the jury. Mr. Barton: I didn't waive my rights and I didn't understand that you were taking from the jury this very question which was presented as to the fact of negligence. If there is a question of law your Honor passes upon that but I don't waive that question of fact by making my motion. The Court: You did by moving to direct a verdict. When the other side moved to direct a verdict it submitted all

questions of fact to me." The defendant's counsel again excepted to the ruling finally made.

As the evidence stood at the close of the case the questions of the defendant's negligence and of the plaintiff's contributory negligence were questions of fact which should have been submitted to the jury. The sole question is whether there was an irrevocable waiver by the defendant of the right to have such questions submitted to the jury after the decision on the motions for a directed verdict. The rule in this department has been clearly laid down in *Kinner* v. *Whipple* (128 App. Div. 736, 742) in the dissenting opinion of COCHRANE, J., adopted by the Court of Appeals in reversing that case on that dissenting opinion (198 N. Y. 585) as follows: " The rule is unquestionable that if both parties at the close of a case move for its disposition by the court as a matter of law they are deemed to have consented that all questions of fact as well as law be decided by the court; but it is equally well settled that a party may recede from such motion even after it has been decided adversely to him and stand on his right to have a question of fact submitted to the jury if he so requests. * * * The rule that questions of fact as well as law are deemed to have been submitted to the court for determination where both parties ask the court to dispose of the case as one of law is somewhat strained and artificial. * * * Such rule rests on a presumed consent of the parties when they make such motions that the case may be disposed of as one of law, but such presumption is repelled by an express request thereafter made to go to the jury upon a question of fact." The Court of Appeals has since reaffirmed that decision in *Brown Paint Co.* v. *Reinhardt* (210 N. Y. 162, 165), and as recently as in the case of *O'Connor* v. *Webber* (239 id. 191, 198) that court said: " We merely point out that waiver of the right to go to the jury in such a case as this rests on the element of intent. Where counsel in order to protect his client's rights makes a motion for judgment in his favor on the ground that only questions of law are involved, a trial justice should not be too hasty in assuming that by such motion he intends to waive his right to have the jury pass upon questions of fact held to exist in the event of an adverse decision upon his motion. Complaints such as have arisen in this case could easily be avoided if the trial justice ascertains whether the inference of waiver is based solely upon an ancient legal fiction or upon actual intent." The rule is stated in the First and Second Departments as follows: " The theory upon which the motion for a directed verdict is deemed a consent to a determination by the court of the questions of fact is that a party by not asking to go to the jury after making the

motion, consents to such determination by the court. But a request to go to the jury after the determination of the motion for a directed verdict negatives that implied assent. A party has a right to an explicit determination of his motion and an opportunity after such determination to make his request to go to the jury, and this right cannot be defeated by any quick action of the court in the direction of a verdict." (*International Battery Co., Inc.,* v. *Westreich,* 182 App. Div. 843, 845; *Happel* v. *Lehigh Valley R. R. Co.,* 210 id. 461, 463.) It has also been held that the request to go to the jury, after the court directs a verdict in such a case, is not too late where the verdict has not actually been rendered by the jury upon the direction before the motion to submit the specific questions was made. " The action of the parties in jointly moving for the direction of a verdict does not reach the irrevocable stage until the verdict is actually pronounced by the jury." (*Mann* v. *Franklin Trust Co.,* 158 App. Div. 491, 493.) It also seems to have been held that the request is not too late if made " before the verdict had been received or entered." (*Scott* v. *Empire State Degree of Honor,* 204 App. Div. 530, 532; *Cullinan* v. *Furthmann,* 70 id. 110.) It is the verdict of the jury, when it becomes a part of the record of the trial, upon which judgment is entered.

The learned trial justice distinctly put his ruling upon the ground that all questions of fact had been submitted to him by the action of the parties in jointly moving for the direction of a verdict and that there was an irrevocable waiver of the right to go to the jury when counsel for the defendant remained silent to the question of the court, whether there was any question of fact that counsel wished to submit to the jury, asked before his determination of the motions. Unless such silence constituted a waiver of the right to request to go to the jury after the announcement of the court's determination of the motion, clearly the defendant's request was not made too late. No such waiver was expressly made and we think none can be implied from the circumstances. No such actual intent was shown and immediately after the determination of the motion, defendant's counsel expressly disclaimed any such intent. While the trial judge is entitled to be fairly treated, he should ascertain " whether the inference of waiver is based solely upon an ancient legal fiction or upon actual intent." (*O'Connor* v. *Webber, supra.*) Counsel making a motion for a directed verdict is likewise, in fairness, entitled to a determination of his motion for judgment in his favor on the ground that only questions of law are involved, without waiving his " right to have the jury pass upon questions of fact held to exist in the event of an adverse

decision upon his motion." (*O'Connor* v. *Webber, supra.*) A trial judge cannot practically abrogate a rule which has long been firmly and consistently adhered to by merely asking the question, before he rules on the motion, whether there is any question of fact to go to the jury. Actual intent to waive the right to request to go to the jury must be shown. In the present case we are of the opinion that the right was not waived and that there were questions of fact which the defendant was entitled to have submitted to the jury as requested.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.