NESBIT GRAMMER, Respondent, *v.* DONALD ALMOND, Appellant.

Supreme Court, Erie Special Term, November 3, 1926.

Trial — verdict — directed verdict — both parties moved for directed verdict — court, without ruling on either motion, directed verdict in favor of plaintiff — action of court was erroneous.

It was error for the court, in a negligence action in which both parties moved for a directed verdict, to direct a verdict in favor of the plaintiff without first deciding the motions made by the respective parties, for a party making a motion for a directed verdict has the right to have that motion decided so that he may be given the opportunity of requesting to go to the jury on questions of fact.

APPEAL by defendant from a judgment of the City Court of Buffalo in an action to recover damages for injuries to plaintiff's automobile, alleged to have been caused by defendant's negligence.

*Chester McNeil,* for the plaintiff.

*Harold J. Adams,* for the defendant.

BROWN, J. At the close of plaintiff's case the defendant moved for the dismissal of the complaint. The motion was denied. At the close of all the evidence the defendant's attorney stated to the court: " I renew my motion made at the end of the plaintiff's case for dismissal of the complaint and ask for a direction of a verdict on the ground the plaintiff has failed to establish the cause of action set forth in his complaint or any other cause of action, and on the further ground it affirmatively appears that the plaintiff was guilty of contributory negligence."

No ruling was made by the trial court upon that motion. At the conclusion of the stating of such motion by respondent's

attorney, the plaintiff's attorney stated to the court: " I move for direction of a verdict in favor of the plaintiff, on the ground that the defendant himself stated he did not see that car and is guilty of negligence as a matter of law, and on the further ground that the defendant has failed to prove any contributing negligence on the part of the plaintiff."

Thereupon, the trial court, without ruling upon either of the two motions, stated: " Gentlemen of the Jury, in accordance with the motion · of counsel, you are directed to bring in and find a verdict in favor of the plaintiff for the sum of $307.00. Is that your verdict in accordance with the Court's instructions? "

Whereupon the jury responded: " Yes, sir." The attorney for the defendant stated: " I take exception, if Your Honor please."

The court thereupon rendered judgment in favor of plaintiff and against the defendant for $307 and costs.

The record on appeal reveals a sharp question of fact as to the negligence of the defendant and contributory negligence of the plaintiff. The judgment is sought to be upheld upon the ground that each party having moved for a direction of a verdict in their respective favors, the court was authorized to direct the verdict that was rendered; that the defendant having failed to request that questions of fact be submitted to the jury before the verdict in fact was rendered, must be deemed to have waived his right to a verdict at the hands of the jury, within the familiar rule stated in *Sigua Iron Co.* v. *Brown* (171 N. Y. 488, 506); *Baker* v. *Appleton & Co.* (107 App. Div. 358; affd., 187 N. Y. 548); *Smith* v. *Weston* (159 id. 194); *Thompson* v. *Simpson* (128 id. 270, 284); *Koehler* v. *Adler* (78 id. 287, 290); *Sweetland* v. *Buell* (164 id. 541, 548). In each of these cases the motion by the defeated party for a direction of a verdict in his favor was denied by the trial court before the verdict was directed. Attention has been called to no authority authorizing the trial court to direct a jury to render a verdict against a defeated party before ruling upon the motion of such defeated party for a verdict to be directed in his favor. While it is true that the defendant did not ask to go to the jury upon any question of fact, yet it is also true that before he had an opportunity to make such a request the verdict was directed and rendered against him. The defendant made his motion that a verdict be directed in his favor; before that motion was denied a verdict was directed and rendered. The defendant certainly could not have been required to ask that questions of fact be submitted to the jury before his motion for a directed verdict was passed upon by the trial court. It cannot be the law that a defendant in a negligence case must ask for a directed verdict upon the law, and that he be allowed to go to the

jury with the facts in the same sentence, the same breath. He is entitled to have his motion for a directed verdict upon the law denied before he is required to request to go to the jury. Upon a denial of his motion for a directed verdict, his failure thereafter and before the verdict against him is rendered to request to go to the jury might well be deemed a submission of all the facts to the trial court for its decision. There is nothing in the record to indicate that the defendant intended that the facts were to be decided by the trial court. The defendant's motion was that a verdict be directed in his favor upon the ground that the plaintiff had failed to establish a cause of action, a pure legal question. The motion was limited to questions of law; it was not a motion for a directed verdict upon the facts. Even though it were a general motion for a directed verdict upon the evidence, the defendant was entitled to have it ruled upon before the verdict was directed and rendered, in order to charge him with having withdrawn the facts from the trial jury and submitted them to the trial court for its decision. The verdict was directed prematurely. As was said in *Happel* v. *Lehigh Valley Railroad Co.* (210 App. Div. 461, 463): " A party has a right to an explicit determination of his motion and an opportunity after such determination to make his request to go to the jury, and this right cannot be defeated by any quick action of the court in the direction of a verdict." (See, also, *O'Connor* v. *Webber*, 239 N. Y. 191; *Misner* v. *Kuchenreuther*, 212 App. Div. 741.)

The judgment of the City Court must be reversed, with costs to the appellant to abide the event of the new trial to be had in the City Court.