LOUISE L. O'BRIEN, Appellant, *v.* ANNE E. TILDEN, Respondent.

First Department, March 10, 1930.

*John J. Cunneen,* for the appellant.

*Clarence S. Zipp* of counsel [*E. C. Sherwood,* attorney], for the respondent.

FINCH, J. From a judgment for defendant based upon a verdict directed by the court at the close of the case, in an action for personal injuries, plaintiff appeals.

The plaintiff was injured while riding as a guest of the defendant in an automobile driven by the defendant. The left rear door of the automobile flew open. In reaching to close it, the defendant pulled the steering wheel to the right causing the automobile to leave the road. The plaintiff suffered substantial injuries.

Whether the defendant was negligent in the handling of the car, considered in the light of the danger, if any, to be apprehended from the opening of the door of the automobile, presented an issue of fact for the jury. At the close of the plaintiff's case counsel for defendant moved to dismiss the complaint. The motion was denied. Defendant then rested and moved to dismiss, which was denied. The following then occurred: " Mr. Cunneen: I move for the direction of a verdict for the plaintiff. Mr. Clark: I join in that motion. The Court: That in connection with — where does that leave the case? The plaintiff has asked that the Court take it; so does the defendant. Mr. Clark: I do make the same motion; I move for the direction of a verdict in favor of the defendant. I think by these two motions the question is before your Honor. The Court: You claim that the facts are undisputed on the record? Mr. Clark: Yes. Mr. Cunneen: The inferences are still there, and in that connection I ask to go to the jury on the question of damages." The learned trial court thereupon directed the jury to find a verdict in favor of the defendant. Counsel for plaintiff then said: " I take exception and ask the court to send it to the jury, the question of fact as to the question of negligence and the question of damages — whether the defendant was negligent and the amount

of damages." The court denied this motion, which denial was duly excepted to. Counsel for plaintiff thus asked twice to go to the jury on the issue of negligence and of damages before the verdict was rendered and thereby preserved his right. This right was not lost by the motion for the direction of a verdict. Before granting the defendant's motion, the court should have denied plaintiff's motion and afforded her an opportunity to move to go to the jury. (*Happel* v. *Lehigh Valley R. R. Co.*, 210 App. Div. 461; *International Battery Co., Inc.*, v. *Westreich*, 182 id. 843; *Brown Paint Co.* v. *Reinhardt*, 210 N. Y. 162; *Mann* v. *Franklin Trust Co.*, 158 App. Div. 491.) Waiver of the right to have a jury determine issues of fact must rest on intent, and the assent implied by a motion for the direction of a verdict is expressly negatived by a request to go to the jury. (*O'Connor* v. *Webber*, 239 N. Y. 191.)

It follows that the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MCAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.