JOHN TREMAINE, Respondent, v. MCALLISTER NAVIGATION CO., INC., Appellant, Impleaded with DANIEL F. MCALLISTER, Defendant.

Second Department, June 12, 1939.

*Edward J. Keane* [*Herbert P. Reid* with him on the brief], for the appellant.

*Thomas A. Shaw* [*Jay S. Jones* and *Edward J. Fanning* with him on the brief], for the respondent.

PER CURIAM. In an action to recover damages for injuries sustained due to the explosion of a water boiler in connection with coffee-making equipment, alleged to have been caused by the negligence of defendants, the court directed a verdict in favor of plaintiff, leaving to the jury the assessment of damages. At the end of plaintiff's case the complaint was dismissed as against the individual defendant on consent.

There was a strong conflict of fact involved. At the end of the whole case appellant's counsel moved for the direction of a verdict and " in the alternative, that the case be submitted to the jury." Plaintiff's counsel made a motion for a direction of a verdict. Thereupon the court, without expressly passing upon either motion, directed the jury to bring in a verdict for plaintiff, to which an exception was taken by appellant's counsel. The following day the jury brought into court a sealed verdict pursuant to directions given. Before the sealed verdict was opened, appellant's counsel called attention to the motion that was made by him at the end of the entire case to direct a verdict in favor of appellant and " in the alternative, that the case be submitted to the jury," and to the implied denial of the motion and the exception taken. Thereupon counsel again requested the court to submit the entire case to the jury for determination of the facts with respect to the negligence involved, as well as the damages. The court denied the motion for the reason that after appellant made a motion for a direction of a verdict, and plaintiff had also made a motion for the direction of a verdict, the court asked both lawyers if they were satisfied with their motions. This meant, according to the court, that each one was satisfied that the court direct a verdict and neither one raised any objection whatever to that.

The court was in error. Appellant first moved to go to the jury in the event the court denied its motion for a directed verdict. While orderly procedure required that the court first pass upon the motion for a direction of a verdict and then, upon denial of appellant's motion, there might follow a motion on the part of appellant to go to the jury on all questions of fact (*Happel* v. *Lehigh Valley Railroad Co.*, 210 App. Div. 461), the court, nevertheless, was duly advised of the request of appellant to have the jury decide all questions of fact in the event the court denied its motion for a directed verdict. Furthermore, the request of appellant that the

court submit questions of fact to the jury was aptly made, before the sealed verdict of the jury was opened. (*Mann* v. *Franklin Trust Co.*, 158 App. Div. 491; *Misner* v. *Kuchenreuther*, 212 id. 741, 746.)

The judgment should be reversed on the law, and a new trial granted, with costs to appellant to abide the event.

LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ., concur.

Judgment reversed on the law, and a new trial granted, with costs to appellant to abide the event.