Hofstadter, J. P.
(dissenting). To justify our granting summary judgment we must be satisfied “that there is in truth nothing to be tried” (Curry v. Mackenzie, 239 N. Y. 267, 270; Piedmont Hotel Co. v. Nettleton Co., 263 N. Y. 25, 30; Utica Carting, Stor. & Contr. Co. v. World Fire & Mar. Co., 277 App. Div. 483). If any issue of fact, including infer *824 enees of fact, is fairly debatable, a motion for summary judgment should be denied (Stone v. Goodson, 8 N Y 2d 8, 12,13).
Mr. Kaminsky died not because of his attack but because of the intervening action of Mrs. Kaminsky. Whether he should or should not have anticipated her picking up a knife and stabbing him to death has not been tried; and it is at least arguable that the answer, in the circumstances, is “ No.”
Murray v. New York Life Ins. Co., (96 N. Y. 614) was decided after trial. In Bradley v. Mutual Benefit Life Ins. Co. (45 N. Y. 422) the Court of Appeals reversed a dismissal of the complaint by the trial court and held that the issue whether the death of the insured had been caused by the violation of law should have been submitted to the jury. (See, also, Scott v. Empire State Degree of Honor, 204 App. Div. 530; Messersmith v. American Fid. Co., 187 App. Div. 35, 39, affd. 232 N. Y. 161.)
A policy must be construed as read by an ordinary man and interpreted most favorably to the insured. So construed, it may not be said that the application of the limitation in the policy to the fact pattern here has been so clearly established as to justify dismissal of the complaint as matter of law. In my judgment, the facts should be fully explored at a trial.
I therefore dissent and vote to affirm.
Tilzer, J., concurs; Hoestadter, J. P., dissents in opinion.
Order reversed, etc.