INTERNATIONAL BATTERY COMPANY, INC., Appellant, *v.* DAVID WESTREICH, Respondent.

First Department, April 19, 1918.

Sale — goods shipped f. o. b. — trial — motion for direction of verdict — request to go to jury on issue of accord and satisfaction.

While a contract by which plaintiff agreed to deliver batteries for electric pocket lights at such times and in such quantities as required by defendant, the same to be in first-class order and shipped f. o. b. steamer New York, binds him to deliver the batteries properly packed for the ordinary perils of shipment, he is not liable for any faults arising from extraordinary perils or any carelessness on the part of the defendant.

Where plaintiff, after both parties had moved for the direction of a verdict and the court had indicated its intention to grant defendant's motion, asked to go to the jury on the issue of accord and satisfaction, and the request was denied, the motion for the direction of a verdict was not a consent to a determination by the court, and the granting of a motion to direct a verdict in favor of defendant is error calling for the reversal of a judgment entered thereon.

APPEAL by the plaintiff, International Battery Company, Inc., from a. judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 27th day of March, 1917, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 23d day of March, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Isaac N. Jacobson* of counsel [*May & Jacobson,* attorneys], for the appellant.

*Jacob M. Kornfeld,* for the respondent.

SMITH, J.:

The plaintiff was a manufacturer of electric batteries for electric pocket lights. It made a contract with the defendant to deliver to him 200,000 batteries at prices mentioned, for sale in London. The agreement contained this provision: "That the said International Battery Company agrees to deliver said goods at such times and in such quantities as required and requested by the said D. Westreich and all of said batteries to be in first class order, the said International Battery Company agreeing to replace any batteries which may be faulty six months from the date of their delivery and acceptance. No payment to be construed as an acceptance of faulty or unmarketable goods. All of said goods to be shipped F. O. B. steamer *New York*."

As I construe this contract, the obligation of the plaintiff was to deliver these batteries on board steamer at New York, properly packed for the ordinary perils of a shipment to London. If at the end of six months they should not show a four and one-half voltage, the plaintiff agreed to replace those batteries that were thus faulty. I do not think that the plaintiff has stipulated as against any faults arising from extraordinary perils or any carelessness on the part of the defendant. Batteries were delivered to the number of about 116,500. Upon some of them payments were made, so that at the time of the commencement of the action there remained due, upon the assumption that none of the batteries were faulty, the sum of $4,128.84. The answer denies in part the allegations in the complaint and alleges as affirmative defenses and counterclaims a breach of the contract to deliver the 200,000 batteries, and also alleges in recoupment and as a counterclaim that certain of the said batteries were faulty within the meaning of the contract, and by reason of said faulty batteries the defendant in his counterclaim claimed damage in the sum of $3,840. The first counterclaim for damages arising out of the contract to deliver 200,000 of these batteries seems to have been abandoned. Upon the second counterclaim the court directed a judgment for the defendant for the sum of $384.84, which was the allowance for 55,000 faulty batteries, less the amount admittedly due under the contract of the plaintiff. In plaintiff's reply to the defendant's

second counterclaim he alleges an accord and satisfaction by an agreement to replace 8,000 batteries for those claimed to have been faulty, in full satisfaction for the defendant's claim for faulty batteries and a credit for 8,000 batteries in pursuance of said agreement.

The first question presented is upon the claim of the respondent that, both parties having made a motion for a directed verdict, all questions of fact are submitted to the court for its decision, and that the presumed finding of the court that there was no accord and satisfaction can only be set aside as against the weight of evidence. But after the submission of these motions for a directed verdict by both sides and after the court had indicated his intention to direct a verdict for the defendant, the plaintiff then asked to go to the jury specifically upon this question of the adjustment of the accord and satisfaction, which request was denied. The theory upon which the motion for a directed verdict is deemed a consent to a determination by the court of the questions of fact is that a party by not asking to go to the jury after making the motion, consents to such determination by the court. But a request to go to the jury after the determination of the motion for a directed verdict negatives that implied assent. A party has a right to an explicit determination of his motion and an opportunity after such determination to make his request to go to the jury, and this right cannot be defeated by any quick action of the court in the direction of a verdict. Nor does it appear that the court in this case intended to defeat that right, as the court expressly entertained the motion and denied the same, so that in order to sustain this judgment the defendant must sustain his claim that there was no question of fact upon the evidence for a determination of the jury. Such a contention of the defendant clearly is not supported by the record. The plaintiff's evidence is explicitly to the effect that upon a claim made for an allowance for defective batteries, and disputed by the plaintiff, this adjustment was made and was intended to adjust all differences by reason of claims of defective batteries. In fact this evidence is uncontradicted in the record, so that at least there was a question of fact for the jury whether the defendant's claim for defective batteries was not fully adjusted by the deduction in the plain-

tiff's account for 8,000 of the batteries delivered. A direction of a verdict, therefore, for the defendant for 55,000 faulty batteries was error for which the plaintiff is entitled to a new trial.

Other questions are presented here by the record which may not be presented upon another appeal and which we, therefore, do not deem it necessary here to consider.

The judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.