JULIUS HAPPEL, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Second Department, November 7, 1924.

**Trial — verdict — both sides moved for directed verdict — court, without denying defendant's motion, directed verdict for plaintiff for stated amount — defendant then asked to go to jury — court withdrew direction of verdict and submitted issue to jury, advising them not to be influenced by its statement — action of court was prejudicial error — court should have denied defendant's motion for directed verdict and permitted defendant to ask to go to jury.**

The court, where both sides move for a directed verdict at the close of the case, should, if it determines to grant plaintiff's motion, first deny the defendant's motion in order to give him an opportunity to ask to go to the jury.

It is prejudicial error for the court to grant plaintiff's motion and direct a verdict for a stated amount without giving the defendant an opportunity, before plaintiff's motion is granted, to ask to go to the jury.

Such error is not cured by withdrawing the direction of the verdict in favor of the plaintiff and, at the request of the defendant, submitting the issues to the jury with a statement that they are not to be influenced by what the court has said in directing a verdict, where it appears that the court in directing the verdict for the plaintiff stated the amount for which it should be rendered and in the argument following emphasized that statement by repeating the amount.

APPEAL by the defendant, Lehigh Valley Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 20th day of June, 1923, upon the verdict of a jury for $31,250, and also from an order entered in said clerk's office on the same day denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Clifton P. Williamson* [*Edward W. Bourne* with him on the brief], for the appellant.

*Sydney A. Syme,* for the respondent.

PER CURIAM:

Upon this appeal we think the judgment must be reversed in the interests of justice and to insure to the defendant a fair trial.

We disapprove of the practice adopted by the trial court at the close of the case in directing a verdict for the plaintiff.

At the close of the case, after both sides had rested, the record shows that the following occurred: " Mr. Williamson: The defendant moves for the direction of a verdict upon the same grounds stated in the motion to dismiss   Mr. Syme: I join 'n the motion for the direction of a verdict and ask the court to direct a verdict

in favor of the plaintiff.   The Court:  Both sides having asked for the direction of a verdict I direct a verdict in favor of the plaintiff in the sum of $30,000.   Mr. Williamson:  Your Honor having said that you would think about it, did not give me an opportunity to continue my protection of my rights.   I respectfully except to your Honor's statement to the jury and I ask to go to the jury, if your Honor denies my motion to dismiss, which as your Honor well knows I must make in order to protect my client's rights.   I must move for the direction of a verdict and not a motion to dismiss at the close of the whole case.   I am entitled to a ruling on that, and then I am entitled to make a motion to go to the jury upon the questions of fact which your Honor considers exist upon the evidence."

Further discussion ensued between the court and counsel, the attorney for the defendant insisting that he was entitled to a ruling upon his motion for a directed verdict in favor of the defendant. He subsequently asked the court for such a ruling and the court refused to grant it, but upon the request of plaintiff's attorney, again stated that he had directed a verdict in favor of the plaintiff for $30,000.   Then, after some further discussion, the following occurred:  " Mr. Williamson:  Without waiving my exceptions, I ask the court to send the case to the jury upon the facts.   The Court:  I will do so.   I will withdraw the direction of a verdict and ask the jury to disregard absolutely what I said.   You will do that, will you, gentlemen?   When they both joined in the motion for the direction of a verdict, that left it to me, as a matter of law, and that should not control you.   Now the case goes to you for decision and what I said should not influence you in any way, because I may think one way and you may think another. What I did should not control you.   You should decide the case as you think proper.   Will you do that?   (The jurors indicate that they will, and reply to the Court's question:  ' Yes, we will.') Mr. Williamson:  In view of what occurred, I ask that a juror be withdrawn and the case be declared a mistrial.   The Court:  Oh, no.   Mr. Williamson:  I except, upon the ground that after what has occurred it will be impossible for the defendant to go to the jury fairly and properly under the circumstances.   The Court: I think you can go to the jury after what I have done.   I know the practice and you know the practice, and when you ask for a direction and the plaintiff joins in I direct a verdict.   Now you say you want to go to the jury and I state to the jury what I have said.   There is no use discussing that.   I am right.   If I am not right, you have your exception.   Mr. Williamson:  Yes, sir."

In our opinion, this procedure on the part of the court was most

prejudicial to the defendant. In directing a verdict in favor of the plaintiff for $30,000, the court expressed its opinion that the plaintiff was entitled to a verdict in that amount. The court not only stated the amount once, but, in the hearing of the jury and upon the request of plaintiff's attorney, again repeated the amount for which the verdict had been directed. The fact that the jurors indicated that they would not be influenced by the action of the court in directing a verdict is not controlling and is of very little importance. Any indication on the part of the jury to the contrary would have been most unexpected and unusual. The amount of the verdict afterwards rendered by the jury is a strong indication that they were influenced by the opinion expressed by the trial justice.

We think the counsel for the defendant was within his rights in insisting that the court should specifically decide his motion for a directed verdict before he was called upon to make a further motion that the issues be left to the jury for decision.

As was stated in *International Battery Co., Inc.,* v. *Westreich* (182 App. Div. 843, 845): " The theory upon which the motion for a directed verdict is deemed a consent to a determination by the court of the questions of fact is that a party by not asking to go to the jury after making the motion, consents to such determination by the court. But a request to go to the jury after the determination of the motion for a directed verdict negatives that implied assent. A party has a right to an explicit determination of his motion and an opportunity after such determination to make his request to go to the jury, and this right cannot be defeated by any quick action of the court in the direction of a verdict."

This, we think, states the true rule. In the present case we are of the opinion that the trial justice was in error in directing a verdict without specific denial of the motion made by defendant's counsel and affording him opportunity to make a request to go to the jury after such determination.

The judgment and order should be reversed upon the law and a new trial granted, with costs to abide the event

KELLY, P. J., JAYCOX, KELBY, YOUNG and KAPPER, JJ., concur.

Judgment and order reversed upon the law and a new trial granted, with costs to abide the event.