MIRIAM D. SELSKY, Appellant, v. CARLO BARSOTTI, Respondent.— The order in so far as it denies plaintiff's motion to examine the defendant upon the subjects set forth in paragraph 5 of the notice of motion, and for the production of books, papers and income tax returns for the years 1917 to 1922, is reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. We are of opinion that the examination sought tends to disclose the benefit which the defendant has actually received as a result of the services rendered to him by plaintiff's assignors. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur. Settle order on notice.

CHARLES SIROTA, Respondent, v. JOSEPH SHACKNOVITZ and Others, Appellants, Impleaded with Another, Defendant.— Upon reargument, judgment reversed on the law, and a new trial granted, with costs to abide the event, upon authority of *Happel* v. *Lehigh Valley Railroad Co.* (210 App. Div. 461) and *O'Connor* v. *Webber* (239 N. Y. 191). Kelly, P. J., Rich, Jaycox and Young, JJ., concur, Kelby, J., dissents on the ground that the situation presented in the case at bar is different from the *Happel* case.

MARGUERITE SITZLER, Respondent, v. RICHARD LATHERS, JR., and Another, as Trustees, etc., of RICHARD LATHERS, Deceased, Appellants, Impleaded with Another, Defendant.— Order denying motion to vacate notice of examination affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

CHARLES J. BABB, Respondent, v. CLYDE E. BLACK, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

LILLIAN BLOSVERN, Appellant, v. BENJAMIN BLOSVERN, Respondent.— Order affirmed, without costs. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

JOHN BYRNE and Another, Respondents, v. SAMUEL ROSEFF and Another, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

MAX COHEN, Appellant, v. THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., OF LONDON, ENGLAND, Respondent.— The provision of the policy insuring plaintiff against " any loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries * * * accidentally sustained during the policy period by any person," has relation to causes of action for damages that arise in favor of the injured person against the assured. The facts stated in the complaint give rise to no cause of action in favor of the injured person, and the liability of the assured does not arise from a claim of damages but from a contract express or implied of the plaintiff (the assured) to pay for the care and treatment of his son. Further, the insurer is liable only when the assured is liable for damages, and no facts are alleged that would make the assured so liable. For all that appears the accident was unavoidable. The promise alleged in the complaint is without consideration. Judgment unanimously affirmed, with costs. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.