**504**             HERBSTMAN *v.* LAMOREE.

WILLIAM J. HERBSTMAN, Respondent, *v.* ROBERT J. LAMOREE, Appellant.

Second Department, November 20, 1925.

**Trial — action for negligence — defendant's motions to dismiss at end of plaintiff's case and at end of entire case were denied without exception — plaintiff's motion for directed verdict was granted after attention of defendant's counsel was called to situation — defendant then moved to submit case to jury — court withdrew direction and submitted case to jury — verdict was rendered in favor of plaintiff in excess of directed verdict — verdict will not be set aside.**

In an action for negligence, in which a motion by defendant's counsel at the close of plaintiff's case to dismiss the complaint was denied without exception and a similar motion made at the close of the entire case was also denied without exception, and a motion then made by the plaintiff for a directed verdict was granted, which direction was withdrawn and the case submitted to the jury on defendant's motion, the defendant is not entitled to have the verdict which was in excess of the directed verdict set aside, since it appears that before the court granted plaintiff's motion for a directed verdict it called the attention of the defendant's counsel to the situation and asked him if he had any further motions to make, and defendant's counsel replied in the negative, and that after the verdict was directed defendant's counsel did not request that a juror be withdrawn on the ground of prejudice, but requested the court to submit the case to the jury, which was done.

KAPPER, J., dissents.

APPEAL by the defendant, Robert J. Lamoree, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 14th day of April, 1924, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 21st day of March, 1924, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney* [*J. M. Bovard* with him on the brief], for the appellant.

*John E. Mack* [*J. Gordon Flannery* with him on the brief], for the respondent.

KELLY, P. J.:

In this action to recover damages for injuries sustained through defendant's negligence, the defendant moved, at the close of the plaintiff's case, to dismiss the complaint. What he said was, " I make the usual motion to dismiss," from which we understand that he claimed that as matter of law the plaintiff had failed to prove any negligence on the part of the defendant, or that the plaintiff was guilty of contributory negligence as matter of law. The learned trial justice properly denied the motion and no excep-

tion was taken to the ruling. The defendant proceeded with his case, taking the witness stand in his own defense. At the close of defendant's testimony the record shows that the defendant rested his case.

Defendant then renewed his motions to dismiss the complaint, thus presenting to the trial justice his claim that on the entire case, as matter of law, the evidence failed to show negligence on the part of defendant or that, as matter of law, the plaintiff was guilty of contributory negligence. The learned justice denied the motion, and again no exception was taken to his ruling.

The plaintiff, after the denial of the motion, moved for the direction of a verdict in favor of the plaintiff. Thus, the parties by the motions made, each one of them virtually agreed to submit the question of fact to the judge. (*Dillon* v. *Cockcroft*, 90 N. Y. 649; *Thompson* v. *Simpson*, 128 id. 270.) The record shows that the learned trial justice did not rule upon the plaintiff's motion without calling defendant's attention to the situation thus presented. He inquired of defendant's counsel whether he had any requests to make, and defendant's counsel replied, " No other motion." The learned justice then said to the jury, " Under the circumstances I direct you to find a verdict in favor of the plaintiff for $4,500."

The counsel for defendant then excepted to the direction of a verdict; he said it was an " unusual circumstance " and that " it rather surprised me." He said, " I move the court at this time to submit the question of negligence to this jury." He made no motion to withdraw a juror, he gave no intimation that he thought he was prejudiced in any way by the direction of a verdict by the trial justice. The justice signifying his intention to withdraw his direction of a verdict for plaintiff, the counsel for defendant said, " Question of negligence and damages submitted and ask your Honor to ask the jury to disregard the direction made."

The trial court thereupon withdrew his direction of a verdict and instructed the jury that they should not let it influence them at all. The case was submitted to the jury in a charge to which no exception was taken by either side, and they subsequently rendered a verdict for the plaintiff for $5,000 damages, the trial justice denying defendant's motion to set it aside upon the grounds stated in section 549 of the Civil Practice Act.

The evidence in the case clearly justified the verdict of the jury that the injuries were caused by defendant's negligence and without any fault on the part of the plaintiff. Defendant's exceptions to the rulings of the court on the admission of evidence, contained in his points, present no error nor can we say as matter of law that the damages awarded were excessive.

. The defendant now says, contrary to his position taken before the trial justice at the close of the evidence, that the questions of negligence and the extent of plaintiff's injuries were for the jury. But although these questions were submitted to the jury on defendant's request, he argues that the action of the court in directing a verdict " without defendant's expressed or implied intent to waive a jury, constitutes reversible error."

But if the counsel for defendant had any such notion at the trial, he should not have asked the court to do the very thing he now complains of. He did not ask to withdraw a juror. He had already, apparently with deliberation, taken his chances on the ruling of the court on plaintiff's motion to direct a verdict, and that ruling being against him, he proceeded to again take his chances on the jury's verdict. Neither of the learned trial counsel for defendant is a neophyte in this class of litigation.

This action was tried before the decisions of the Court of Appeals in *O'Connor* v. *Webber* (239 N. Y. 191) and of this court in *Happel* v. *Lehigh Valley Railroad Co.* (210 App. Div. 461), but I see nothing in the action of the court in this case contrary to these decisions. What was the learned trial justice to do? Defendant's counsel asked him to submit the issues to the jury and the trial court complied with his request. Now, because the verdict is for more than defendant thinks it should have been, he asks for another chance. In the interest of justice and orderly procedure, I think there is no reason for interfering with the verdict.

The judgment and order denying a new trial should be affirmed, with costs.

Rich, Jaycox and Young, JJ., concur; Kapper, J., dissents.

Judgment and order affirmed, with costs.