GEORGE E. AYLES, as Executor, etc., of RICHARD P. AYLES, Deceased, Respondent, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. We are of opinion that there can be no recovery for damages resulting from injuries to plaintiff's testator's wife, to whom plaintiff's testator was not responsible in damages, since the policy of insurance provided for and by its terms contemplated indemnity only in the event of loss by reason of the liability imposed by law upon plaintiff's testator for damages recovered or recoverable by the injured party against plaintiff's testator. (Cohen v. Employers' Liability Assurance Corporation, Ltd., of London, England, 212 App. Div. 884.) Further, the items of damage which form the basis of the recovery here clearly do not consist of expenses incurred " at the time such injuries were sustained." They cover a period of eight weeks, and include nursing, board for nurse and hospital expenses. A small part is for medical services covering that period, and there is no stipulation or proof as to the " expense incurred in providing immediate surgical relief at the time the injuries were sustained." The policy clearly contemplates but " first aid " treatment. Lazansky, P. J., Rich, Hagarty, Seeger and Carswell, JJ., concur.

CHARLES J. BABB, Appellant, v. CLYDE E. BLACK, Respondent. NANCY ADA BLACK and Others, Defendants.— Order vacating and setting aside service of summons upon defendant Clyde E. Black reversed upon the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Concededly, this action is brought by plaintiff against defendant for a violation of the conditions of an undertaking given by defendant for the liberties of the jail of Kings county, after he had been taken into custody by the sheriff of Kings county under a body execution. Concededly, he violated the conditions of the undertaking by escaping from the liberties of the jail by entering Queens county. This act upon his part constituted an escape, but it is provided by section 369-f of the Prison Law* that in an action upon an undertaking for the jail liberties it is a defense that, before the commencement of the action, the prisoner voluntarily returned or was recaptured by or surrendered to the sheriff from whose custody he escaped. Since a summons served on a Sunday is void,† and since his return would be a complete defense to an action brought upon the undertaking while he was within the jail limits, defendant frequently took advantage of Sundays to leave the liberties. We are of opinion that the conclusion reached by the learned Special Term is contrary to the evidence, and that the overwhelming weight of the evidence is that defendant was properly served with the summons at eleven-fifty-six P. M. on Saturday, April 16, 1927. Lazansky, P. J., Rich, Hagarty, Seeger and Carswell, JJ., concur.

JOSEPH BALDO, Appellant, v. IRVING BANK-COLUMBIA TRUST COMPANY, Defendant, and MARGARET SHELDON, etc., Respondent.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Rich, Seeger and Carswell, JJ., concur; Hagarty, J., dissents, being of opinion that the testimony of Giordano in the Surrogate's Court proceeding was admissible under section 348 of the Civil Practice Act.

---

* Added by Laws of 1920, chap. 933.— [REP.
† See Penal Law, § 2148.— [REP.