MICHAEL COLLIGAN, Respondent, *v.* EDWARD P. SCOTT et al., Appellants.

(Argued September 21, 1874; decided September 29, 1874.)

THIS was an action to recover for work and materials in picking and mending 500 bales of cotton.

Jefferson & Co., of Memphis, consigned by a bill of lading to defendants 500 bales of cotton, on which the latter made advances to them and insured it in their own name and for their own protection. The cotton was damaged *in transitu*, and the plaintiff repaired the bales and made the cotton merchantable. One Solis testified that he spoke to the plaintiff " to put the cotton right; " he also testifies to making the arrangement between Jefferson & Co. and the defendants for the shipment and delivery of the cotton, and states

that he was the agent of the former, but he subsequently describes his relation to the parties in this language : " I was merely the go-between " to see that all was right.   Plaintiff, after performing his work upon the cotton, sent his bill to the defendants, made out against them, for payment, and they incorporated it as one of the items due to them from the insurance company, in their claim for loss, in these words : " Mender's bill for putting cotton in merchantable order, $612.27 ; " and that, thereupon, it was collected by them from the insurance company.   *Held*, that defendants, as consignees of and having made advances upon the cotton, had a special interest therein ; that they owed a duty to the consignors to care for and recover it from its damaged condition ; that defendants, by receiving the cotton after plaintiff had performed his work upon it, and by presenting the bill as an item of damages to the insurance company, adopted the act of Solis in employing plaintiff, and were therefore liable.

Upon the trial, at the close of the evidence, defendants' counsel asked the court to direct a verdict for them.   This the court refused and, instead, directed a verdict for plaintiff. *Held*, that the request conceded that there was no such doubt about the facts as required a solution by the jury, and defendants could not raise the question here that the cause should have been submitted to the jury.

*John C. Connor, Jr.*, for the appellants.

*William G. Cooke* for the respondent.

*Per Curiam* opinion for affirmance.
All concur, except FOLGER, J., not voting.
Judgment affirmed.