WILLIAM D. O'CONNOR, by HONORA O'CONNOR, His Guardian ad Litem, Respondent, *v.* RICHARD WEBBER, JR., et al., Copartners under the Firm Name of RICHARD WEBBER, Appellants.

Negligence — injury to employee by chopping machine in butcher shop — such shop not a factory within meaning of Labor Law (§ 81) requiring machinery to be guarded — liability of proprietor measured by the common-law rule.

1. A retail butcher shop in which a chopping machine run by electricity is used for chopping meat for customers is not a factory within the meaning of the Labor Law (Cons. Laws, ch. 31, § 81), and the duty of proprietors of butcher shops furnishing such machines for the use of employees is measured by the rule at common law.

2. Plaintiff, who was employed in defendants' butcher shop, was engaged in chopping meat by pushing it into a chopping machine with a stick, which, being struck by the revolving screw, or knife, flew out of plaintiff's hand and his fingers slipped into the machine and were cut off. *Held,* that defendants did their full duty when they furnished the only machine that was available in the market, nor were they required to employ experts to design a new machine; and that they were not negligent because they had not furnished the plaintiff with a stick of some other shape than the one used.

*O'Connor* v. *Webber,* 170 App. Div. 916, reversed.

(Argued December 6, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 30, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* and *Amos H. Stephens* for appellants. It was error to submit this case to the jury with instructions that they might find that this was a dangerous machine and that the defendants were guilty of negligence in permitting the plaintiff to work at it, there being no evidence to support such a finding, and the exceptions to the court's instructions with respect thereto present reversible error. (*Toye* v. *U. S. Dressed Beef Co.*, 141 App. Div. 332; *Harley* v. *B. C. M. Co.*, 142 N. Y. 31; *Burke* v. *Witherbee*, 98 N. Y. 562; *Valentino* v. *Garvin Machine Co.*, 139 App. Div. 139; *Carlson* v. *Bridge Co.*, 132 N. Y. 273; *Ryan* v. *Cortland C. G. Co.*, 13 App. Div. 467; *Hart* v. *Vil. of Clinton*, 115 App. Div. 761; *Burns* v. *Mining Co.*, 188 N. Y. 175; *Mane* v. *Erie R. R. Co.*, 198 N. Y. 221; *United States* v. *Am. B. T. Co.*, 167 U. S. 224.)

*Sydney A. Syme* for respondent. The Labor Law, or at least that part commonly spoken of as the Employers' Liability Act, is directly applicable to the determination of the issues in this case. (*Lipstein* v. *P. L. Society*, 154 App. Div. 732; *Corbett* v. *N. Y. C. & H. R. R. R. Co.*, 151 App. Div. 159; *McKeon* v. *P. & G. Co.*, 76 Misc. Rep. 599; 154 App. Div. 741; *Kerwin* v. *L. I. R. R. Co.*, 157 App. Div. 898; *Drury* v. *Am. Fruit Co.*, 163 App. Div. 509; *Sullivan* v. *G. S. C. Co.*, 155 App. Div. 391; 208 N. Y. 581; *Coleman* v. *Ruggles-Robinson Co.*, 159 App. Div. 272; *Geloneck* v. *Dean S. P. Co.*, 165 Mass. 202.) The evidence conclusively establishes that the machine here used in connection with the stick furnished by the defendants was not a reasonably safe appliance, either under the act or at common law. (*Shannahan* v. *E. E. Corp.*, 204 N. Y. 550; *Evans* v. *Pearson & Son*, 125 App. Div. 666; 194 N. Y. 569; *Croghan* v. *Heddon Const. Co.*, 147 App. Div. 631; *MacPherson* v. *Buick*

*Motor Co.*, 160 App. Div. 55.) There was no error in submitting to the jury the question of the suitability or sufficiency of the appliance furnished to the plaintiff with which to push the meat into the hopper of the machine. (*Going* v. *A. S. & W. Co.*, 141 Ala. 536.)

Cardozo, J. This is an action for personal injuries. The plaintiff was employed in the defendants' butcher shop. When customers asked for chopped meat, it was one of his duties to chop it. The meat chopping machine is run by electricity. At the top there is a hopper or funnel, four inches high, its diameter about four or five inches at the top and two and a half or three inches at the bottom. Beneath it is a revolving worm or screw, covered on all sides and open only at the top at its junction with the hopper. The meat is fed into the hopper and pushed down with a stick. The stick, touching the screw, flew out of the plaintiff's hand; and with the shock, his hand slipped into the machine, and the revolving screw cut off the fingers.

The charge of negligence is two-fold. It is said that there ought to have been a guard which would have made it impossible for the hand to reach the screw. It is said also that the stick, which was about six or eight inches long, ought to have been broader at the bottom, and that then the hand would not have slipped. We think that neither of the grounds assigned is adequate to support the verdict.

This case does not involve a violation of section 81 of the Labor Law (Cons. Laws, ch. 31), which requires " the owner or person in charge of a factory " to provide proper guards for machinery. A butcher shop is not a factory (Labor Law, § 2; *Shannahan* v. *Empire Eng. Corp.*, 204 N. Y. 543). The trial judge so ruled; and his ruling is not questioned. The statute not applying, the defendants' duty is measured by the rule at common law. So measured, we think it is impossible to say that the duty

has been violated. The machine was of standard make and in common use. At the time of the accident no other or better machine had been designed. A witness for the plaintiff attempted to show that it would be possible to contrive a shield, but the contrivance, if possible, had never been published or adopted. There is no evidence that any similar accident had occurred before. There was no reason to believe that one would be likely to occur. The screw was not within reach of ready contact. It could be touched, but only by thrusting one's hand into it. Against casual contact by the thoughtless it was protected by the funnel. In such circumstances the defendants did their full duty when they furnished the only machine that was available in the market. They were not required to employ experts to design a new machine. They were not running a factory, where machinery is the principal thing, the very life of the business. Those engaged in such callings are held under the statute to a duty more nearly absolute. The principal thing with the defendants was the retail sale of meat, and the chopper was a minor incident. If they were charged with a duty to become inventors of improved devices, and that too in an attempt to guard against remote and doubtful dangers, the same duty must attach to every one who uses a standard machine of any kind in his office or his home. The law does not impose a duty so onerous (*Carlson* v. *Phœnix Bridge Co.*, 132 N. Y. 273; *Harley* v. *Buffalo C. M. Co.*, 142 N. Y. 31; *Devlin* v. *Smith*, 89 N. Y. 470, 476; *Bauman* v. *Cowdin*, 75 N. J. L. 193; *Reynolds* v. *Merchants Woolen Co.*, 168 Mass. 501).

What has been said answers also the suggestion that the plaintiff should have been furnished with a stick of some other shape. To charge the defendants with negligence on that ground is to go far beyond the rule which holds them to reasonable care (*Harley* v. *Buffalo C. M. Co.*, *supra.*)

The judgment should be reversed, and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK and POUND, JJ., concur; HOGAN, J., not voting.

Judgment reversed, etc.