JACOB RUPPERT, Respondent, *v*. HENRY U. SINGHI, Appellant.

First Department, May 1, 1925.

Bills and notes — action by payee of demand promissory note — defense of failure of consideration — defense alleged that note was given in consideration of transfer of saloon liquor license under agreement that liability on note would be assumed by tenant — certificate was assigned by defendant to plaintiff as security with power of attorney to transfer in case of default by defendant — defendant did not default and if transfer was made to third person, as alleged, it was without defendant's consent — defendant should have been permitted to show that he did not consent to transfer of certificate to third person — question of fact was raised as to whether plaintiff procured transfer of certificate without defendant's consent — motion by defendant for directed verdict, after plaintiff's motion for verdict was granted, which motion was immediately withdrawn, does not preclude defendant from raising question — motion under Civil Practice Act, § 584, to dismiss complaint after motion for directed verdict, was not intended as submission of case anew as question of fact to court.

In an action on a demand promissory note which was given in consideration for the bonus value of a saloon liquor license transferred to the defendant, in which the defendant pleaded a failure of consideration based on an alleged

agreement by the plaintiff that as soon as a tenant was procured for the saloon plaintiff would cause the license to be transferred to the new tenant, together with the obligations represented by the note, and that the plaintiff did transfer the license to a third person and received from him a note for the same amount, but did not cancel the note given by the defendant, the defendant should have been permitted to prove that the transfer of the license by the plaintiff under a power of attorney held by him, which was to be exercised only in case of default on the part of the defendant, was made without defendant's knowledge or consent at a time when he was not in default, for if the plaintiff caused the license to be transferred to another than the defendant· when the defendant was not in default and without his consent, such act was unauthorized under the contract and would cause a failure of consideration for which the note was given.

The action of the court in directing a verdict in favor of the plaintiff amounted to a dismissal of the defense of failure of consideration for complete failure of proof, notwithstanding the defendant offered additional proof to sustain the defense, which proof was excluded, and furthermore, not only was it error to exclude defendant's offer of proof but the facts actually admitted in evidence raise a question of fact for the jury as to whether the plaintiff had not procured the transfer of the license in violation of the agreement.

The defendant is not precluded from urging in the Appellate Division the contention that his proof was improperly rejected by the fact that after the plaintiff's motion for a directed verdict had been granted, the defendant made a similar motion, which was withdrawn prior to a ruling by the court. It would have served no purpose for the defendant to request to be allowed to go to the jury, since the court had already granted plaintiff's motion for a directed verdict.

The act of the defendant in moving pursuant to section 584 of the Civil Practice Act for a dismissal of the complaint for the purpose of preserving his right to a dismissal by the Appellate Division, in the event it should be determined that he was entitled to a dismissal, which motion was made after plaintiff's motion for a directed verdict had been granted, to which exception was duly taken, was not treated by the court nor by counsel and will not be treated on appeal as submitting the case anew, as a question of fact to the court, nor will it be assumed that the defendant intended to waive the right to submit to the jury the issues of fact presented.

APPEAL by the defendant, Henry U. Singhi, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of October, 1923, upon the verdict of a jury rendered by direction of the court.

*Pallister, Greene & O'Connell* [*Frank R. Greene* of counsel], for the appellant.

*Fitch & Grant* [*Ashbel P. Fitch* of counsel], for the respondent.

FINCH, J.:

The action was brought in June, 1920, upon a demand promissory note for $3,400, dated May 24, 1915. The plaintiff furnished a bill of particulars stating that the consideration for the note was the bonus value of a saloon liquor license. The answer, in addition

to general denials, set up four separate defenses. The first defense alleges that the note was given in consideration of the transfer to the defendant of a saloon liquor license upon the agreement of the plaintiff that upon the defendant's procuring a tenant of the saloon premises satisfactory to the plaintiff, plaintiff would cause the license to be transferred to the new tenant, together with the obligation to pay the sum of $3,400 represented by the defendant's note, which note would thereupon be deemed paid and canceled; that the defendant duly performed, but that plaintiff had refused to return the note to the defendant and that there is a failure of consideration. The second defense alleges that without notice to the defendant, the plaintiff caused the license to be transferred to one Kirch in consideration of the execution by Kirch of his note to the plaintiff in the sum of $3,400, and hence the consideration to the defendant failed. For a third defense it is alleged that in further consideration of the note, the plaintiff agreed that upon the procuring by the defendant of a tenant for the saloon premises satisfactory to the plaintiff, the plaintiff would cause the license and the obligation to pay the note to be transferred to the new tenant; that the defendant procured a tenant by the name of George Kirch, to whom the plaintiff caused the license to be transferred and received a note of Kirch for $3,400 in place of the defendant's note, which was thereby discharged. For a partial defense it is alleged that Kirch made certain payments to the plaintiff on account of the note. As to this latter defense, no attempt at proof was made by the defendant.

The plaintiff put in evidence the promissory note and rested.

It was conceded by the plaintiff that the note was given for the transfer of the license to traffic in liquors under the Excise Law of the State of New York, which, no doubt, referred to the former Liquor Tax Law. This certificate was transferred by the plaintiff to the defendant by virtue of a power of attorney given to the plaintiff by a former holder. The value of the certificate was chiefly in the right to have the same renewed or transferred by the holder thereof. Concededly only the holder thereof had such right. At the time of the delivery of the note in suit, the defendant also delivered to the plaintiff another note for $400, being the proportionate amount for the unexpired balance of the excise year paid by the plaintiff to the State, and also a power of attorney which transferred to the plaintiff all of the defendant's rights in connection with the certificate and renewals thereof, as collateral security for the repayment of all indebtedness by the defendant to the plaintiff. The power so vested in the plaintiff,

however, was to be exercised only in case of a default on the part of the defendant.

It appears that the original certificate expired on or about September 30, 1915, and was renewed in the defendant's name. Before the term of the second certificate expired, one George Kirch began operating the saloon under the defendant's license. When the second certificate expired, on or about September 30, 1916, a new certificate was issued in the name of George Kirch. At that time the $400 note given by the defendant had been paid and there does not appear to have been any indebtedness by the defendant to the plaintiff other than the $3,400 note. Prior to the institution of this action in June, 1920, no demand was made on the defendant for the payment of this note. The defendant, therefore, is not shown to have been in default at the time of the issuance of the license to Kirch. It is clear, therefore, that if the plaintiff caused the certificate to be transferred to another holder than the defendant, such act was unauthorized, and would cause failure of the consideration for which the note was given.

In this connection the plaintiff, called as a witness by the defendant, testified on direct examination that he did transfer the certificate under the power of attorney given by the defendant. Upon cross-examination, under the leading of his own attorney, the plaintiff testified that he had no personal knowledge of the matter except as he had been informed by employees, and that the matter was in charge of one McManus. McManus testified that there was no transfer, but that George Kirch applied for a license and that said McManus prepared the papers for the application and the plaintiff paid the fee. He also testified that the only reason it was not necessary to show that the person previously holding the license was willing that the new certificate be issued to another person was because the plaintiff had filed the power of attorney given to him by the defendant.

In addition to the foregoing facts elicited from the plaintiff and from employees of the plaintiff, the defendant on his part was not permitted to show that he had had no part in the transfer of the license to Kirch, had not consented to it, and had no knowledge of it. It clearly was error to exclude this evidence, which bore directly on the vital issue in the case, for which exclusion there must be a new trial. Thus by the directed verdict the defense of a failure of consideration proffered by the defendant was dismissed for complete failure of proof when at the same time additional proof offered by the defendant to sustain said defense was excluded.

Not only was it error to exclude such evidence but on the meagre facts which the defendant was permitted to adduce there was a

question of fact for the jury as to whether the plaintiff had not procured the transfer of the license. In *Ochs* v. *Woods* (221 N. Y. 335, 340) the court said: " It is a case of a witness making one statement in the course of the direct examination and contradicting statement in the cross-examination. There was a conflict in the evidence to be disposed of by the jury."

As stated above, there is the flat contradiction of the plaintiff's direct examination by his cross, and the testimony of McManus seems to show that while the new tenant Kirch made the application, the transfer was effected by reason of the power of attorney given by the defendant to the plaintiff and filed by the plaintiff with the Excise Department.

The plaintiff contends that the defendant is precluded from now urging this contention, because the defendant also moved for the direction of a verdict. This motion, however, was not made until after the court had granted the plaintiff's motion for a directed verdict, and the defendant's motion was immediately withdrawn after being made and previous to a ruling by the court. It would have served no purpose for the defendant specifically to request to be allowed to go to the jury, since the court had already granted the plaintiff's motion for a direction, and had expressed the opinion that there was not a scintilla of evidence to sustain the defense. (*Eastern District Piece Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441.)

The defendant subsequently moved for a dismissal of the complaint. This motion had to be made pursuant to section 584 of the Civil Practice Act for the purpose of preserving the right of the defendant to a dismissal of the complaint by this court in the event it should be determined that he was entitled thereto. As noted, the court already had granted the plaintiff's motion for the direction of a verdict, to which exception was duly taken by the defendant. Neither the court nor counsel on either side treated the making of this motion, after the ruling had been made granting a directed verdict to the plaintiff, as submitting the case anew as a question of fact to the court. Nor under such circumstances will it be assumed that the defendant intended to waive the right to submit to the jury the issues of fact presented by the testimony. As was said by LEHMAN, J., in *O'Connor* v. *Webber* (239 N. Y. 191, 198): " We merely point out that waiver of the right to go to the jury in such a case as this rests on the element of intent. Where counsel in order to protect his client's rights makes a motion for judgment in his favor on the ground that only questions of law are involved, a trial justice should not be too hasty in assuming that by such motion he intends to waive his right to have the jury pass

upon questions of fact held to exist in the event of an adverse decision upon his motion. Complaints such as have arisen in this case could easily be avoided if the trial justice ascertains whether the inference of waiver is based solely upon an ancient legal fiction or upon actual intent."

The other evidence above referred to as having been improperly excluded, however, went to the consideration and to proof of failure of consideration, which may always be shown. As was said in *Juilliard* v. *Chaffee* (92 N. Y. 529, 535): "A party, sued by his promisee, is always permitted to show a want or failure of consideration for the promise relied upon." And in *Baird* v. *Baird* (145 N. Y. 659, 664): "The consideration of a written instrument is always open to inquiry, and a party may show that the design and object of the agreement was different from what the language, if alone considered, would indicate. * * * It was originally supposed that the recitals and clauses of a contract expressing a consideration could not be varied by parol proof to the contrary, but that rule was gradually abandoned and now that clause is open to parol proof."

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.