GEORGE DOYLE, Respondent, v. CHURCH E. GATES & Co., INC., Appellant.

*Motor vehicles — action for injuries suffered when defendant's motor truck struck plaintiff — judgment for plaintiff affirmed.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the New York county clerk's office on December 27, 1924, upon the verdict of a jury for $7,500, rendered after a trial at the New York Trial Term.

Judgment affirmed, with costs. No opinion. Present — Dowling Merrell, McAvoy and Martin, JJ.; Merrell, J., dissents.

MERRELL, J. (dissenting): I dissent and vote for reversal on the following grounds: (1) The trial court charged the jury that if they found the accident occurred while plaintiff was alighting from or was on the street free from the truck and was struck before he had an opportunity to move out of the way of the truck their verdict must be for the defendant. Under such instruction which became the law of the case the jury should have found for the defendant under the evidence. (2) The plaintiff would not have been injured had he not been where he had no business to be. (3) Plaintiff's position in the street when he was injured was in connection with the free ride which he had obtained from defendant's chauffeur.

---

JACOB RUPPERT, Appellant, v. HENRY U. SINGHI, Respondent.

Appeal from a judgment of the Supreme Court in favor of the defendant, entered in the New York county clerk's office on June 25, 1925, upon the verdict of a jury dismissing the complaint.

Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Martin, JJ.; McAvoy, J., dissents.

McAVOY, J. (dissenting): We ordered on the former appeal* a new trial so that the transaction in which the note in suit was given might be shown in full. The disclosure of what the circumstances of its delivery were does not make out that such delivery was made under a condition precedent upon which alone it was to become effective, but, on the contrary, shows a contemporaneous oral agreement in the nature of a condition subsequent in contradiction of the written' promise to pay, and, therefore, the evidence offered to avoid liability thereon ought not to have been admitted. For this reason, I vote to reverse and direct judgment for the plaintiff.

---

* See 212 App. Div. 630.— [REP.