■ JAMES H. PIGOTT, an Infant, by JAMES PIGOTT, His Guardian ad Litem, et al., Appellants, v. LIVINGSTON VILLAGE, INC., et al., Respondents.— Appeal from a judgment of the Supreme Court at Trial Term in Albany County which dismissed the complaint in a negligence action at the close of the plaintiffs' case. Plaintiffs allege that the infant plaintiff, then between two and three years old, was injured when he inserted one hand in the lint trap of a coin-operated automatic dryer installed by defendant Todd in the laundry room of defendant corporation's apartment building, in which the infant's parents were tenants. The uncontradicted evidence was that the machine was a standard model of a well-known make and in common use and there is no contention that it was in any way defective or out of repair. The lint trap was covered by two trap doors, one an inner cover for the lint trap itself and the other an outer cover upon the top of the machine, each lifting upward and one equipped with a snap catch and the other with a spring hinge. In the lint trap was an aperture in a wire mesh basket through which lint was blown into the trap by a blow fan 8 to 10 inches beyond the aperture. There was circumstantial evidence that after the infant's mother had put washing into the dryer and returned to her apartment, the child reached the top of the dryer, 36 inches high, by climbing upon his tricycle and inserted his hand and arm into the lint trap, extending them the 8 to 10-inch distance to the revolving blades of the fan. The complaint was properly dismissed, expressly upon the authority of *O'Connor* v. *Webber* (219 N. Y. 439, 239 N. Y. 191). That case involved an electric meat chopper, a " machine  *  *  * of standard make and in common use ", and defendants were not under any " duty to become inventors of

improved devices", as otherwise "the same duty must attach to every one who uses a standard machine of any kind in his office or his home" (219 N. Y. 439, 442, CARDOZO, J.); and, as was said upon the second appeal, the defendants "complied with their full duty when they provided a machine of standard make and in common use" (239 N. Y. 191, 195, LEHMAN, J.). Under any other rule, a landlord's alternative might be "to forego furnishing any equipment". (*Bullis* v. *Schuyler Hgts.*, 276 App. Div. 630, 632, affd. 302 N. Y. 722.) Appellants rely on *Parnell* v. *Holland Furnace Co.* (234 App. Div. 567, affd. 260 N. Y. 604) which did not, however, concern the furnishing of some useful and convenient appliance, the utilization of which would, as a matter of practical necessity, involve potential danger in somewhat remote degree, but rather (see p. 571) liability for a dangerous explosive arising out of the "purposeless" retention of a quantity of gasoline in the tank of an abandoned automobile accessible to children. Judgment unanimously affirmed, without costs.