REUBEN KASS, as Administrator of the Estate of SIDNEY KASS, Deceased, Respondent, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, March 6, 1962.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for appellant.

*Ralph Stout* of counsel (*Louis Rothbard* with him on the brief; *Rothbard & Schulman,* attorneys), for respondent.

*Per Curiam.* The accident which resulted in the tragic death of the deceased is to a degree unexplained. The deceased, a senior at Junior High School No. 127 in The Bronx, with a notable record of scholastic accomplishment, was operating the crank of a gear box designed to raise and lower a screen in the school auditorium. He received a severe blow on the head and it is plaintiff's theory that the removable crank was inadvertently pulled from the gear box with such force that, although deceased retained hold of it, it struck him, inflicting the blow from which he later died.

There was no defect in the handle or the gear box. While the particular specifications as to dimensions were designed by the engineers of defendant Board of Education, the device was the same as that widely used for raising and lowering similar objects, perhaps the most familiar use being in connection with awnings on store fronts. In all such devices the handle is detachable and it is not claimed that this feature makes the design faulty. Being detachable, it must under certain conditions come out of the gear box. There is no claim that the deceased was not aware of this and did not fully appreciate the working of the device. The claim is that the handle could inadvertently be removed and that this fact made the design dangerous.

The device in question has been in use in connection with screens in the city schools for over 15 years and more than a third of the schools of the city are equipped with it. There was proof that it was also widely used in schools throughout the country. In Bronx County alone, 34 schools use the device regularly. There was no proof of any prior accident, and positive proof of no accident in the past four years in connection with the device. There can be no doubt that this was a device of standard make and common use. No negligence can be attributed to its use (*O'Connor* v. *Webber,* 219 N. Y. 439).

Plaintiff endeavored to show that there are safety devices which would prevent the handle from coming out inadvertently. The difficulty with this proof was that neither of the two safety engineers who testified knew of a single instance where the devices were employed on gear boxes of this type, or even that devices such as they described were manufactured. While this may not be conclusive, it does show that despite the wide use of such gear boxes it is not considered necessary to have the so-called safety devices, and the unintentional removal of the handle is not more than a remote possibility. A verdict implying the contrary is against the weight of the credible evidence. Had we concluded that a cause of action was established, we would, nevertheless, have been constrained on this ground to set the verdict aside.

The accident here was unforeseeable and there was no duty to provide against it.

The judgment should be reversed on the law and the facts and the complaint dismissed, with costs to the appellant.

BREITEL, J. P., MCNALLY, EAGER, STEUER and BERGAN, JJ., concur.

Judgment unanimously reversed on the law and the facts and the complaint dismissed, with costs to the appellant.